**FISHING PUBLICATIONS, INC. et al., Appellant,**

v.

**James Ewing WILLIAMS, III, Appellee.**

**No. 13–82–251–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 23, 1983.

James A. Smith, Port Lavaca, for appellant.

James L. Post, Victoria, for appellee.

Before YOUNG, J., NYE, C.J., and KENNEDY, J.

## OPINION

YOUNG, Justice.

This is an appeal by the defendant from a judgment in favor of the plaintiff on a promissory note.

Appellee sued appellant for monies owed on a promissory note and in addition, by supplemental petition, sued as a shareholder in appellant's corporation. Appellee subsequently filed a motion to severe the two suits since the suit on the promissory note had matured. Both sides requested a jury trial.

Appellant raises two points of error. First, appellant alleges the trial court erred in proceeding to trial in this matter without the appellant receiving adequate notice of its setting as provided under Tex.R.Civ.P. 21. Second, appellant urges that the trial court erred in proceeding to trial and rendering a judgment without a jury since one was requested. We overrule both of appellant's points of error and affirm the judgment of the trial court.

The record reflects that on January 11, 1982, the District Clerk of Calhoun County informed the attorneys that the cause was set on the jury docket for Monday, March 29, 1982, at 9:00 A.M. as the No. 5 case. The trial court informed the attorneys on that Monday that the cause would be heard later in the week unless the dispute was worked out. On March 30, 1982, counsel for appellee sent a letter to appellant's counsel informing him that the court had set a hearing on the Motion for Severance and, "if possible, upon the merits of my cause of action based upon a promissory note..." The letter stated that the hearing was set for 1:30 P.M. on Friday, April 2, 1982. Appellant states in his brief that his office received the notice letter on March 31, or April 1, 1982.

On April 2, 1982, the cause was called by the Court and appellee's attorney announced that he was ready on his Motion for Severance and on his cause of action on the promissory note. Appellant, represented by a partner in the firm of appellant's counsel, appeared and announced that he was requesting a continuance of the cause since he was not lead counsel and knew very little about the case. The record does not reflect that any explanation was made

as to why appellant's lead counsel was not present.

The trial court granted the Motion for severance and proceeded to trial, without a jury, on the promissory note cause of action. Appellant made no objection to the Court's proceeding without a jury.

 Appellant complains that the trial court erred by not providing adequate notice to him of the trial setting. We cannot agree. Appellant acknowledges that the cause was set for jury trial for the week of March 29, 1982. When the cause was finally called for trial the court, when ruling on appellant's request for a continuance, stated:

> "The Court: The Court's going to rule on that and overrule the motion for continuance because this matter has been on the docket since Monday of this week. As of Monday of this week it was stated that we would hear the matter later in the week unless it was worked out. Mr. Post asked us for a special setting for this time today which I granted him and I advised Mr. Smith of that ..."

Appellant's attorney, Mr. Smith, does not challenge the fact that he had notice of the trial setting but, argues that Tex.R.Civ.P. 21 requires three days notice of the trial setting. Rule 21 entitled "Motions" provides, in part:

> "An application to the court for an order and notice of any hearing thereon, not presented during a hearing or trial, shall be served upon the adverse party not less that three days before the time specified for the hearing, unless otherwise provided by the rules or shortened by the court."

Rule 21 is inapplicable to a trial setting but rather applies to hearings on orders requested of the court. We hold that proper notice of the trial setting was timely given in accordance with Rule 245 and that it was appellant's responsibility to keep himself informed of the specific time that the trial was set for. *Plains Growers, Inc. v. Jordan,* 519 S.W.2d 633, 643 (Tex.1974); *Tresselt v. Tresselt,* 561 S.W.2d 626 (Tex.Civ.App.— Corpus Christi 1978, no writ). Appellant admits that he received notice of the April 2, 1982 setting, yet he failed to present any evidence as to why he was not personally present when the case was called for trial. Appellant's first point of error is overruled.

 Appellant's second point of error asserts that the trial court erred in proceeding to trial without a jury after he had properly requested one. In the case at bar, the record does not reflect that appellant complained or objected to the trial court proceeding without a jury on the promissory note action. We therefore hold that appellant waived his right to a jury trial. *Walker v. Walker,* 619 S.W.2d 196 (Tex.Civ.App. —Tyler 1981, writ ref'd n.r.e.); *Hernandez v. Light Pub. Co.,* 245 S.W.2d 553, 554 (Tex. Civ.App.—San Antonio 1952, writ ref'd.). Appellant's second point is overruled.

The judgment of the trial court is affirmed.