**Franklin Y. WRIGHT, Jr., Appellant,**

v.

**Sheree Lynn BROOKS (WRIGHT), Appellee.**

No. 04–88–00371–CV.

Court of Appeals of Texas, San Antonio.

May 31, 1989.

Rehearing Denied June 27, 1989.

Thomas H. Crofts, Jr., Groce, Locke & Hebdon, San Antonio, for appellant.

Sam C. Bashara, Law Office of Sam C. Bashara, San Antonio, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

## OPINION

CHAPA, Justice.

Franklin Wright appeals from an adverse judgment rendered in a non-jury trial in favor of his ex-wife, Sheree Lynn Brooks, in the amount of $148,327.69, plus $14,-500.00 in attorney fees. His appeal is concentrated primarily on pre-trial rulings, which, he claims, denied him adequate time to prepare his defense.

The issues presented before this court are whether the trial court abused its discretion in striking appellant's untimely jury demand, in denying his request for continuance, and in failing to segregate attorney fees between appellee's original claim and appellant's counterclaim.

On January 21, 1988, Sheree Brooks filed suit seeking to recover on a promissory note executed by appellant Wright incident to their divorce. On February 12, 1988, appellant filed his original answer and counter/claim. On February 23, 1988 appellee obtained a non-jury docket setting of March 17, 1988, and hand-delivered a copy of this order to Wright. The next day, February 24, 1988, Wright requested a jury and paid the jury fee. Appellee moved to strike the jury demand because it had not been timely filed in compliance with TEX. R.CIV.P. 216. Judge Peter Curry granted this motion at a hearing on March 7, 1988. At the same hearing, Wright moved for a continuance, which Judge Curry held in abeyance until the date of trial.

On the day of trial, March 17, 1988, appellant once again moved for a continuance because, he alleged, he needed more time to adequately prepare his defense. Judge Spector denied Wright's motion and presided over the trial, which resulted in a judgment against Wright.

Wright's first point of error concerns the propriety of the trial court's action in striking his jury demand on the basis of its untimeliness. Because he was not given notice of the non-jury setting until 23 days before the non-jury setting, he claims that he was not, as a matter of law, given notice in time to comply with TEX.R.CIV.P. 216, which requires:

... No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court *a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance.* (emphasis added).

Wright contends that his demand for a jury was reasonable notwithstanding the terms of Rule 216 because notice of the non-jury setting was given fewer than 30 days in advance, and therefore it would have been impossible to comply with the rule in order to make a timely jury demand. Further, appellant asserts that Rule 216 should be read in conjunction with TEX.R. CIV.P. 245 and TEX.R.CIV.P. 21:

Rule 245. *Assignment of Cases For Trial.* The court may set contested cases on motion on any party, or on the court's own motion, with reasonable notice not less than ten days to the parties, or by agreement of the parties.

Rule 21. *Motions*

\* \* \* \* \* \*

Any application to the court for an order and notice of any hearing thereon, not presented during a hearing or trial, shall be served upon the adverse party, not less than three days before the time specified for the hearing, unless otherwise provided by these rules or shortened by the court.

It is undisputed that Wright was not given notice of the non-jury setting under Rule 21. However, a similar argument was advanced in *Fishing Publications Inc. v. Williams*, 661 S.W.2d 323 (Tex.App.—Corpus Christi 1983, no writ) wherein the court held that Rule 21 was inapplicable to trial settings; rather, the court stated, it "applies to hearings on orders requested of the court." *Id.*

Appellant argues that Rule 216 can be unconstitutional in its application because it operates to deny a litigant his right to a jury trial. The Texas Supreme Court has held, however, that even a demand for a jury made within the time requirements is not necessarily timely as a matter of law. *Texas Oil & Gas Corp. v. Vela*, 429 S.W.2d 866, 877 (Tex.1968); *See also Huddle v. Huddle*, 696 S.W.2d 895 (Tex.1985); Moreover, demanding a jury and paying the jury fee only creates a rebuttable presumption that the jury demand was made within a reasonable time. *See Six Flags Over Texas v. Parker*, 759 S.W.2d 758, 760 (Tex. App.—Fort Worth, 1988, n.w.h.); *First Bankers Ins. Co. v. Lockwood*, 417 S.W.2d 738, 739 (Tex.Civ.App.—Amarillo 1967, no writ).

The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles. *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (Tex.Comm.App.—1939, opinion adopted). Another way of stating the test is whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex.1985); *Smithson v.*

*Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex.1984). The decision, in order to be abuse of discretion, must be so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *King v. Guerra*, 1 S.W.2d 373, 376 (Tex.Civ.App.—San Antonio 1927, writ ref'd).

Here, the court acted in compliance with Rule 216. The jury demand was not made outside of 30 days of the non-jury setting, as required by the rule. The trial court, in the absence of some other compelling reason, cannot be said to have abused it's discretion when it merely followed the guidelines of a Rule of Civil Procedure.

Wright argues that the "not less than" phrase used in Rule 216 is not mandatory; but directory. In support of this contention he relies on *Jerrell v. Jerrell*, 409 S.W.2d 885 (Tex.Civ.App.-San Antonio, no writ) which held:

Although mandatory wording is used in this rule where the demand is made less than ten days [1] in advance of the setting, the Courts, because of the importance of the right of trial by jury, under our constitution, have uniformly construed same as directory. *Arnoff v. Texas Turnpike Authority*, 299 S.W.2d 342, no writ; *Lebman v. Sullivan*, Tex.Civ.App., 198 S.W.2d 280 writ ref'd n.r.e.

*Id.* at 886.

Even so, this language is directed to the trial court, and the question of timeliness nevertheless falls within its sound discretion. *See Olson v. Texas Commerce Bank*, 715 S.W.2d 764, 767 (Tex.App.—Houston [1st Dist.] 1986, no writ).

Moreover, there is no affirmative showing in the record that there were any disputed fact issues upon which a jury could pass. This was a suit on a promissory note. Although appellant claims that fact issues were raised by his counterclaim, this was nonsuited on the day of trial. Thus, the striking of the jury trial was harmless error in view of the showing that no material fact issues existed and an instructed verdict would have been justified. See *Id.* at 767; *Keagans v. Williams*, 214

1. Amended Jan. 1, 1988 to 30 days.

S.W.2d 799, 800 (Tex.Civ.App.—Eastland 1948, writ ref'd n.r.e.).

Abuse of discretion must be determined on a case-by-case basis. In order to find abuse of discretion in this case we must conclude the facts and circumstances extinguish any discretion in the matter. *See Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917–18 (Tex.1985). No abuse of discretion is shown.

■ Next, appellant asserts that the trial court erred in not granting his motion for continuance and in denying his amended motion for continuance.

The original motion was made three weeks after appellant's answer date. Judge Curry held the motion in abeyance, pending the deposition of appellee's attorney. On the day of trial, Wright once again requested a continuance because he claimed he needed more time to prepare, and to take a deposition of a real estate agent. The record, however, is devoid of any indicia of diligence on the part of Wright to take such a deposition or of a reason so compelling to justify a continuance.

■ The granting or denial of a continuance rests within the court's discretion. *Villages v. Carter,* 711 S.W.2d 624 (Tex. 1986). A court will not be required to grant a continuance when the allegations in the motion, examined in light of the record, show a complete lack of diligence. *Fritch v. J.M. English Truck Line, Inc.,* 151 Tex. 168, 246 S.W.2d 856, 858–859 (1952). The point is overruled.

■ Finally, appellant claims that the court erred in failing to segregate those attorney fees attributable to the main claim and those attributable to his counterclaim.

Appellant's counterclaim requested reformation on the promissory note which would have defeated the main claim, and as such was so inseparable from the main claim that segregation was not required. *See Texas Cookie Co. v. Hendricks & Peralta,* 747 S.W.2d 873 (Tex.App.—Corpus Christi, writ denied). Review of the record in light of TEX.R.CIV.P. 81, evidences no reversible error. The judgment is affirmed.