IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-194-CV





IN THE MATTER OF B.J.S.,



 APPELLANT




 




FROM THE COUNTY COURT AT LAW OF CALDWELL COUNTY, 



NO. 449-90CC, HONORABLE EDWARD L. JARRETT, JUDGE



 





 On the night of March 8, 1990, appellant, who was then only thirteen years old,
fatally shot his mother and father in their rural Caldwell County home. At the adjudication
hearing, a jury rejected appellant's insanity defense, Tex. Fam. Code Ann. § 55.05 (1986), and
found that appellant engaged in delinquent conduct, the murder of his mother. Tex. Penal Code
Ann. § 19.02(a)(1) (1989). (1) At the disposition hearing, the jury sentenced appellant to
commitment in the Texas Youth Commission with transfer to the Texas Department of Criminal
Justice for thirty years, the petition having been previously approved by the grand jury. 1987
Tex. Gen. Laws, ch. 385, § 9, at 1894 (Tex. Fam. Code Ann. § 54.04(d)(3), since amended). 
The juvenile court rendered an order of adjudication, sentence, and commitment reflecting the
jury's findings. We will affirm this order.




Admissibility of Written Statement


 In his first three points of error, appellant complains of the admission in evidence
of his written statement to the police. (2) In order to understand appellant's contentions and our
disposition of them, we must set out the circumstances surrounding the taking of the statement in
some detail.

 After the shooting, appellant loaded a number of personal items into his parents'
car and drove to his girlfriend's house in Lockhart. His girlfriend's mother called the junior high
school counselor when she discovered that appellant had a pistol in his possession. The counselor
in turn called the police. Told by appellant that he had run away from home, a sheriff's deputy
and the counselor drove to appellant's house to talk to his parents. The deputy discovered the
bodies at approximately 9:00 p.m. 

 Appellant was taken into custody at his girlfriend's house at 9:15 p.m. and taken
to the "multipurpose room" of the Caldwell County Public Safety Building. This is a large room,
not a cell, furnished with chairs and certified and used as a temporary juvenile detention facility. 
There, appellant waited alone for the arrival of Jill Townsend, a Caldwell County juvenile
probation officer who had been designated by the juvenile court as an "intake officer." Townsend
arrived at approximately 10:30 p.m. and proceeded to advise appellant of his rights and to conduct
an intake interview. This interview ended at approximately 12:00 midnight. After Townsend left,
appellant went to sleep in a chair.

 Appellant remained in the multipurpose room until 1:30 a.m., when sheriff's
investigator Kirk Bennett arrived to take him to the Guadalupe County juvenile detention center
in Seguin. (3) Appellant and Bennett reached Seguin shortly before 2:00 a.m., but they did not stay
long. Because no Guadalupe County judge would agree to come to the center to administer the
magistrate's warning, Bennett and appellant were soon on their way to San Marcos, where Justice
of the Peace Becky Sierra had agreed to perform this task. Appellant was quiet during these trips,
and Bennett made no effort to interview him. Appellant was handcuffed while in transit, but the
cuffs were removed when he was inside the buildings.

 Judge Sierra met appellant in an office at the San Marcos police department at 3:00
a.m. and advised him of his rights pursuant to 1989 Tex. Gen. Laws, ch. 84, § 1, at 412 (Tex.
Fam. Code Ann. § 51.09, since amended). Appellant was calm and did not appear to be tired. 
After being admonished, appellant agreed to give a statement to Bennett. This written statement
was signed by appellant before Judge Sierra at 4:00 a.m. The judge certified in writing that she
had examined appellant outside the presence of any law enforcement officer or prosecuting
attorney, and that she had determined that appellant understood the nature and contents of the
statement and had knowingly and voluntarily waived his statutory rights. 

 Appellant concedes that the procedural requisites of former § 51.09(b) were
satisfied. Nevertheless, in point of error two, appellant argues that under the totality of the
circumstances, his waiver of rights was not shown to have been knowingly, intelligently, and
voluntarily made. See Fare v. Michael C., 442 U.S. 707 (1979). Appellant relies chiefly on the
opinion in E.A.W. v. State, 547 S.W.2d 63 (Tex. Civ. App. 1977, no writ), in which it was held
that a girl of eleven could not knowingly, intelligently, and voluntarily waive her constitutional
privilege against self-incrimination in the absence of a parent, attorney, or other friendly adult.

 Under section 51.09, a child may waive his statutory and constitutional rights and
make a confession without the assistance of counsel, parent, or guardian. We decline to hold as
a matter of law that a thirteen-year-old boy is incapable of understanding and waiving his rights
without assistance. Further, we find that the evidence before us is sufficient to support the
conclusion that appellant's waiver of his rights was knowingly and voluntarily made. 
Psychological testimony at trial indicates that appellant is of average intelligence. Although the
hour was late and appellant had had little sleep, there is no evidence that he was tired or otherwise
suffering from a lack of rest when he was advised of his rights and consented to give the
statement. Although appellant had nothing to eat or drink between his arrest and the confession,
appellant made no request for nourishment, no request was denied, and the testimony shows that
nourishment would have been provided had he asked for it. Appellant was restrained as he was
driven from place to place, but there is no evidence that he was physically abused or threatened
in any way while in custody. There also is no evidence that appellant was unlawfully questioned
before being admonished or that any promises were made to secure his confession. The totality
of the circumstances support the conclusion that appellant knowingly and voluntarily waived his
rights. We overrule point of error two.

 In point of error three, appellant argues that his waiver of rights was invalid
because Judge Sierra was not a designated Caldwell County juvenile magistrate. Section 51.09(b)
requires that a magistrate advise a juvenile of his rights, but it does not require that the magistrate
be from the county in which the suspected delinquent conduct took place. We find no merit in
appellant's contention that Judge Sierra was not authorized to administer the statutory
admonishment.

 Appellant also complains in this point of error that he was erroneously informed
by the judge that a petition charging him with an offense would be filed in Hays County, rather
than in Caldwell County, and thus he was misled concerning the consequences that would result
from giving the statement. (4) We disagree. Before giving his statement, appellant was told that he
was charged with having engaged in delinquent conduct by reason of having allegedly committed
two counts of murder, and that a petition to that effect would be filed in juvenile court. There is
no evidence that the misstatement as to the county in which the petition would be filed had any
impact on appellant's decision to give a statement. Point of error three is overruled.

 Finally, in point of error one, appellant urges that his written statement was
inadmissible because it was obtained in violation of 1973 Tex. Gen. Laws, ch. 544, § 1, at 1470
(Tex. Fam. Code Ann. § 52.02, since amended). As it applies to this cause, former Tex. Fam.
Code section 52.02(a) provided:



A person taking a child into custody, without unnecessary delay and without first
taking the child elsewhere, shall do one of the following:


. . . .

 

(2) bring the child before the office or official designated by the juvenile court;
[or]



(3) bring the child to a detention facility designated by the juvenile court.



A statement that results from a detention in violation of former section 52.02 is inadmissible even
when the procedural requirements of former section 51.09(b) are met. Comer v. State, 776
S.W.2d 191 (Tex. Crim. App. 1989); In re L.R.S., 573 S.W.2d 888 (Tex. Civ. App. 1978, no
writ). Appellant argues that officials involved in this case violated former section 52.02 in two
ways.

 Appellant first argues that he was taken "elsewhere" before being taken to the
multipurpose room for his intake interview with Townsend. Specifically, appellant contends that
he was taken to the Lockhart Police Department, which is not a designated juvenile detention
facility. The record does not support this contention. Lockhart police officer John Roescher
detained appellant. Roescher testified that another officer, Jim Gillis, took appellant to the
multipurpose room. As to whether Gillis may have first taken appellant to the police station,
Roescher testified, "I was told they went to the police station, but when they arrived, they were
called -- they were notified that he needed to go somewhere else, so they did not stop, they went
somewhere else." Gillis was not called to testify at the hearing on appellant's motion to suppress
the statement or at the adjudication hearing. The trial court could reasonably conclude from the
evidence before it that appellant was taken to the multipurpose room for his intake interview
without unnecessary delay and without first being taken elsewhere.

 Next, appellant argues that neither the multipurpose room nor Townsend had been
properly designated by the juvenile court. Appellant refers to Tex. Fam. Code Ann. section 51.12
(1986 & Supp. 1992), which requires that "the judge of the juvenile court and the members of the
juvenile board shall personally inspect the detention facilities at least annually and shall certify in
writing to the authorities responsible for operating and giving financial support to the facilities that
they are suitable or unsuitable for the detention of children." Appellant introduced evidence
showing that the multipurpose room had been certified as suitable for the detention of children on
March 2, 1988. On that same date, Townsend and the other Caldwell County juvenile probation
officers had been designated as intake officers by the juvenile court. Appellant argues that
because neither the multipurpose room nor Townsend had been designated within the twelve
months preceding his detention, his confession was illegal due to the violation of former section
52.02.

 Section 51.12(c) does not require, either explicitly or implicitly, that juvenile officers
be designated annually. Thus, whatever the status of the multipurpose room, the record reflects
that appellant was taken before a designated official in compliance with former
section 52.02(a)(2).

 In Comer, the court stated that by enacting former section 52.02(a),



the Legislature intended that the officer designated by the juvenile court make the
initial decision whether to subject a child to custodial interrogation. He can take
a statement himself . . . or, pursuant to [Tex. Fam. Code Ann.] § 52.04(b)
[(1986)], he can refer the child back to the custody of law enforcement officers to
take the statement.



776 S.W.2d at 196. Appellant was not interviewed by the police and his statement was not taken
until after he was interviewed by Townsend, the juvenile officer designated by the juvenile court. 
Townsend testified that after she completed her intake interview with appellant, she returned him
to the custody of the Caldwell County Sheriff's Department for further investigation.

 The multipurpose room was the place used for temporary detention of juvenile
offenders. Although section 51.12(c) requires and common sense dictates that juvenile detention
facilities be inspected annually, we decline to say that the lack of written certification dated within
the last twelve months rendered the confession illegal or inadmissible. Although the statutory
requirements should be carefully followed, there is no evidence that the multipurpose room had
not been inspected and found suitable by the proper persons within the twelve months preceding
March 8, 1990, or that it had been inspected but found no longer suitable. We believe this cause
is distinguishable from Comer and L.R.S., in which the police detained the juveniles and obtained
the incriminating statements before the children were taken to the designated juvenile officer. The
record before us does not reflect a violation of former section 52.02 or of the holding in Comer. 
The first point of error is overruled.



Other Points of Error


 Appellant's seventh point of error complains of the juvenile court's denial of his
motion for a continuance of the hearing to determine his fitness to proceed. Tex. Fam. Code
Ann. § 55.04 (1986). Pursuant to appellant's section 55.04 motion, the court appointed a
neuropsychiatrist to examine appellant. Counsel for appellant filed his motion for continuance
on April 16, 1990, the day set for the hearing, complaining that he had not had adequate time to
examine the doctor's report.

 Defense counsel met with the judge and counsel for the State in Lockhart on the
morning of April 6 and was told at that time that the psychiatrist's report was to be filed later that
day. Counsel returned to his office in San Marcos before the report was filed, believing that it
would be mailed to him. It was not mailed, and counsel made no further inquiries until April 12,
when he went to Lockhart and obtained a copy of the report. 

 A motion for continuance is addressed to the sound discretion of the trial court. 
State v. Wood Oil Distrib., Inc., 751 S.W.2d 863, 865 (Tex. 1988). A court is not required to
grant a continuance to a party who has not shown due diligence. Wright v. Brooks, 773 S.W.2d
649, 652 (Tex. App. 1989, no writ). Knowing that the report was to be filed on April 6 and that
the hearing was set for April 16, counsel made no effort to obtain the report until April 12. He
nevertheless had several days to examine the report before trial. Under the circumstances, the
court did not abuse its discretion by overruling the motion for continuance. Point of error seven
is overruled.

 In his fifth point of error, appellant contends the juvenile court erred by conducting
a portion of the hearing to determine his fitness to proceed in the absence of his grandmother, who
had been appointed his guardian ad litem. Tex. Fam. Code Ann. § 51.11 (1986). He further
contends that the court erred by subsequently appointing defense counsel to serve as guardian ad
litem in his grandmother's absence. 

 Appellant's grandmother was not present in court when the hearing was called, and
efforts to contact her were unsuccessful. Without objection, the court decided to proceed with
jury selection in her absence. Having failed to object, appellant waived any complaint concerning
this decision. Tex. R. App. P. Ann. 52(a) (Pamph. 1992).

 When the guardian ad litem had still failed to arrive at the conclusion of jury
selection, the juvenile court appointed defense counsel, over objection, to serve in that capacity
until she arrived. We find no error. Section 51.11(c) states that an attorney for the child may
also be his guardian ad litem. Appellant does not state how he was harmed by the court's action,
and we can find no evidence of harm in the record. The fifth point of error is overruled.

 In point of error eight, appellant urges that the juvenile court erred by overruling his
motion to consolidate this cause with the cause charging the murder of his father. The decision
whether to consolidate two causes for trial is committed to the discretion of the trial court. Tex.
R. Civ. P. Ann. 174 (1976); Brentwood Fin. Corp. v. Lamprecht, 736 S.W.2d 836, 838 (Tex.
App. 1987, writ ref'd n.r.e.). Appellant argues that by refusing to consolidate the two causes for
a single hearing, the juvenile court deprived him of "a simple judicial procedure and ruined his
chances of a fair hearing on the second cause of action." Appellant cites no authority and refers
to no evidence in support of this claim. We also note that the motion to consolidate was not
presented to the court for a ruling until the day the adjudication hearing was set to begin. No
abuse of discretion is shown. Point of error eight is overruled. 

 The three remaining points complain of alleged errors at the disposition hearing. In
point of error four, appellant contends the juvenile court erroneously admitted extraneous
misconduct evidence after having previously granted a motion to suppress such evidence. The
testimony in question concerns an incident in which appellant struck a female detention officer
with a chair. Appellant asserts, without supporting argument or authorities, that the admission
of this testimony prejudiced appellant's right to a fair hearing and contributed to the jury's
decision to assess a thirty-year sentence.

 Appellant filed a motion to suppress "any alleged extraneous offense" on the grounds
that such evidence was not relevant or that its relevance was outweighed by its unfair prejudice. 
Tex. R. Civ. Evid. Ann. 402, 403 (Pamph. 1992). This motion did not refer to any particular
evidence and was granted by the court without a hearing when the State indicated that it did not
oppose the motion. Under the circumstances, it cannot be said that the court ruled on the
admissibility of the assault on the officer when it granted the motion.

 One of appellant's witnesses at the disposition hearing was a clinical psychologist
who specializes in counseling adolescents. The witness testified that, based on his evaluation of
appellant, he believed appellant's rehabilitation would best be achieved in a residential facility of
the sort unavailable in the Texas Youth Commission. The witness also stated that appellant was
not a threat to himself or to others. During his cross-examination, counsel for the State was
permitted to ask, over objection, if the witness knew that appellant "took a chair and hit a female
detention officer over the head." Later, the State called a rebuttal witness who described the
attack on the officer as observed by him.

 The challenged evidence was relevant to rebut the testimony that appellant did not
pose a threat to others. The juvenile court could reasonably conclude that the relevance of this
evidence outweighed its potential for unfair prejudice. Point of error four is overruled.

 Appellant's sixth point of error complains of this statement by counsel for the State
during his argument to the jury: "Now, while it may be trite for me to ask you to send a message,
I think this is the case that -- ." Appellant interrupted to object that "[]his is a disposition hearing.
. . .  Nothing about sending a message has any bearing in this particular case. This is a plea for
law enforcement. That's relevant only in a criminal proceeding, not in a juvenile matter." The
objection was overruled. Counsel resumed his argument by asking the jury if it "want[ed] to
make this one of these additional forms of behavior that we just tolerate today" or if it "want[ed]
to make a statement that we will not, even today, tolerate this, that this is the worst form of a
criminal act that could occur."

 Appellant contends that asking the jury to "send a message" was "inappropriate in
light of the express purpose and intent of the Family Code and the specific reasons for which a
disposition of a juvenile case may be had." One purpose of Title 3 of the Texas Family Code is
to effectuate the protection of the welfare of the community and the control of the commission of
unlawful acts by children. Tex. Fam. Code Ann. § 51.01(2) (1986). A disposition following
adjudication may be made only if the child needs rehabilitation or if the protection of the child or
public so requires. Tex. Fam. Code Ann. § 54.04 (c) (1986). While the cited argument may not
further these purposes, we cannot say the statement, in its entirety, constitutes error requiring
reversal. Point of error six is overruled.

 Appellant's ninth and final point of error is that at the conclusion of the disposition
hearing, the juvenile court erroneously failed to advise him, or to instruct his attorney to advise
him, of his right to appeal. Tex. Fam. Code § 54.04(h); 1973 Tex. Gen. Laws, ch. 544, § 1, at
1483 (Tex. Fam. Code Ann. § 56.01(e), since amended). While appellant is correct, the record
reflects that appellant filed his notice of appeal and affidavit of inability to give cost bond the day
after the disposition order was signed. Four days after that, appellant was called before the
juvenile court and fully advised of his rights respecting an appeal. Under the circumstances, the
error, if any, was harmless. C.W. v. State, 738 S.W.2d 72, 73 (Tex. App. 1987, no writ). The
point of error is overruled.

 The order of the juvenile court is affirmed.


 

 Marilyn Aboussie, Justice

[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: August 26, 1992

[Do Not Publish]

APPENDIX





[First paragraph, identifying appellant and his parents, omitted.]






1.   The murder of appellant's father was alleged in a separate petition on which, apparently,
no hearing has been conducted.
2.   A photocopy of the statement is appended to this opinion.
3.   Caldwell County had a contractual agreement with Guadalupe County for the use of its
juvenile center. 
4.   Judge Sierra testified that, by mistake, she marked through the words "Caldwell County"
and substituted "Hays County" on the waiver of rights document. Thus, the document reflects
that appellant was advised that a petition might be filed in the Hays County juvenile court.