**Karl Wendel WILLIAMS, Appellant.**

v.

**Marina Victorovna WILLIAMS, Appellee.**

No. 2–99–312–CV.

Court of Appeals of Texas, Fort Worth.

May 25, 2000.

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

This appeal arises from pre-divorce litigation. Appellant Karl Wendel Williams' sole complaint is that the trial court violated his constitutional right to a jury trial at a hearing on his wife's application for a protective order.[1] After careful consideration of Appellant's arguments and the applicable law, we conclude that Appellant was not entitled to a jury trial. We affirm the trial court's judgment.

## I. BACKGROUND

On August 17, 1999, Appellee Marina Victorovna Williams filed an application for a protective order pursuant to chapter 82 of the family code.[2] The trial court granted Appellee a temporary ex parte order for twenty days, which prohibited Appellant from committing an act of family violence, communicating with Appellee, going within two hundred feet of Appellee, or removing their child from Appellee's possession.[3] On August 24, 1999, Appellant filed an answer denying the allegations against him. The court then scheduled a hearing on Appellee's application for 8:30 a.m. on August 26, 1999.[4] At 9:40 a.m. on the day of the hearing, Appellant filed a request for a jury trial and paid the thirty-five-dollar fee. The court considered Appellant's request, denied it, and then received testimony concerning the application. Appellee testified that Appellant had committed several acts of family violence against her. Appellant testified and denied Appellee's allegations. Appellant told the court that he had acted in self-defense

Jerry J. Loftin, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Ann Diamond, Chief, Litigation—Civil, Asst. Crim. Dist. Atty., Fort Worth, for Appellee.

1. *See* TEX. CONST. arts. I, § 15, V, § 10; TEX. FAM.CODE ANN. §§ 71.004, 82.002 (Vernon Supp.2000).

2. *See* TEX. FAM.CODE ANN. §§ 82.001–82.009 (Vernon Supp.2000).

3. *See id.* §§ 82.009, 83.001.

4. *See id.* § 84.001.

after Appellee assaulted him. After hearing the parties' testimony, the trial court granted Appellee's application and entered a permanent protective order against Appellant.[5]

## II. RIGHT TO A JURY TRIAL

### A. Constitutional Right

 The right to a trial by jury is a constitutionally protected right.[6] Accordingly, courts in which a jury is lawfully requested should determine whether the request pertains to an action or analogous action that was triable by jury when the Texas Constitution was adopted in 1876.[7] Because the judicial article of the constitution acknowledges one's right to a jury in the trial of all causes in the district courts,[8] a critical inquiry under that article is whether the matter to be tried is a "cause." [9]

 Although the right to a jury is fundamental, it is also subject to legislative regulation. Beyond its own statutory regulation of juries,[10] the legislature has vested the Texas Supreme Court with the power to promulgate rules of civil procedure.[11] The supreme court has adopted those rules, including this:

> [n]o jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a

reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance.[12]

On appeal, the party who made a late request for a jury has the burden of showing that the trial court's denial of the request was an abuse of discretion.[13] Because the evidence in this case conclusively establishes that Appellant's request for a jury was not made until he was in court for the hearing, the request was not timely as a matter of law, and the trial court did not abuse its discretion by denying the request.

### B. Legislative Intent

██ An applicant for a protective order is entitled to a hearing not later than fourteen days after the date of filing unless a later date is requested by the applicant.[14] At the close of the hearing, the court must decide whether family violence has occurred and whether it is likely to occur in the future.[15] If the court finds that family violence has occurred and that it is likely to occur in the future, it has no discretion and must render a protective order in accordance with section 85.022.[16] Appellant contends that a party against whom an application for a protective order has been filed is entitled to have a jury, not the court, determine whether family violence

---

5. *See id.* § 85.001.

6. *See* Tex. Const. arts. I, § 15, V, § 10.

7. *See* Tex. Const. art. I, § 15; *Barshop v. Medina County Underground Water Conservation Dist.,* 925 S.W.2d 618, 636 (Tex.1996); *White v. White,* 108 Tex. 570, 196 S.W. 508, 512 (1917).

8. *See* Tex. Const. art. V, § 10.

9. *See Barshop,* 925 S.W.2d at 636.

10. *See generally* Texas Civil Practice and Remedies Code and the Texas Government Code.

11. *See* Tex. Gov't Code Ann. § 22.004 (Vernon Supp.2000).

12. Tex.R. Civ. P. 216(a).

13. *See Turk v. First Nat'l Bank,* 802 S.W.2d 264, 267 (Tex.App.—Houston [1 st Dist.] 1990, writ denied); *Wright v. Brooks,* 773 S.W.2d 649, 651 (Tex.App.—San Antonio 1989, writ denied).

14. *See* Tex. Fam.Code Ann. § 84.001(a).

15. *See id.* § 85.001(a).

16. *See id.* § 85.001(b)(1); *see also id.* § 81.001 (stating that "a court shall render a protective order...."). The trial court has discretion to render a section 85.021 protective order if the court finds that it would be in the best interest of the family, the household, or a member of either one. *See id.* § 85.001(b)(2).

has occurred and whether it is likely to occur in the future.[17]

Our objective in interpreting statutes is to determine and give full effect to the legislature's intent.[18] If a statute is clear and unambiguous on its face, statutory construction is not necessary, and the statute's words will be given their plain and common meaning.[19] The Texas Supreme Court has noted:

[c]ourts *must* take statutes as they find them. More than that, they should be willing to take them as they find them. They should search out carefully the intendment of a statute, giving full effect to all of its terms. But they must find its intent in its language and not elsewhere.... They are not responsible for omissions in legislation. They are responsible for a true and fair interpretation of the written law. It must be an interpretation which expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain.[20]

Because sections 81.001 and 85.001(a) are clear and unambiguous, we are bound to enforce their provisions as written. Section 85.001(a), entitled "Required Findings and Orders," states that the *court* shall determine whether family violence has occurred and whether it is likely to occur in the future.[21] Section 81.001 provides that the *court* shall render a protective order if the *court* finds that

family violence has occurred and is likely to occur in the future.[22] A "court" is "[a]n organ of the government, belonging to the judicial department, whose function is the application of the laws to controversies brought before it and the public administration of justice."[23] In law, the words "court" and "judge" are frequently used in statutes as synonymous terms.[24] Statutes are presumed to have been enacted by the legislature with complete knowledge of existing law and with reference to it.[25] Here, the legislature's intent to designate the court as sole fact finder is evident from the plain and common meaning of the language used in the statutes.[26]

For purposes of family violence protective orders, the legislature defines "court" as a district court, court of domestic relations, juvenile court having the jurisdiction of a district court, statutory county court, constitutional county court, or other court expressly given jurisdiction under this title.[27] In contrast, the word "jury" and the phrase "trier of fact" do not appear in chapters seventy-one through eighty-five. The statutory definition of "court" and the legislature's omission of "jury" and "trier of fact," make clear that the legislature intended that courts, not juries, have the responsibility of making the findings necessary for the issuance of a family violence protective order. We must presume that words excluded from the statute were excluded

17. *See id.* §§ 81.001, 85.001(a).

18. *See Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 960 (Tex.1999).

19. *See Sorokolit v. Rhodes*, 889 S.W.2d 239, 241 (Tex.1994); *Baker v. Bell Helicopter Textron, Inc.*, 985 S.W.2d 272, 275 (Tex.App.—Fort Worth 1999, pet. denied); *Raines v. Sugg*, 930 S.W.2d 912, 913 (Tex.App.—Fort Worth 1996, no writ).

20. *RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex.1985) (emphasis added).

21. TEX. FAM.CODE ANN. § 85.001(a).

22. *See id.* § 81.001.

23. BLACK'S LAW DICTIONARY 352 (6th ed.1990).

24. *See id.* at 353.

25. *See Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex.1990).

26. *See Baker*, 985 S.W.2d at 275 (citing *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex.1997)).

27. *See* TEX. FAM.CODE ANN. §§ 71.001(a), (b), 71.002.

purposely by the legislature.[28] It is not possible to comply with the statutory requirement to hold a hearing within fourteen days,[29] yet also comply with the rule that requires filing of a written request for a jury trial thirty days in advance.[30] Long ago, the Texas Supreme Court noted:

> [a]ll statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it. [Statutes] are therefore to be construed in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence, and their meaning and effect is to be determined in connection, not only with the common law and the constitution, but also with reference to other statutes and the decisions of the courts.[31]

The legislature is not presumed to have done a foolish or useless thing, and we will not second guess the legislature's intent because the applicable statutes are clear, direct, and unambiguous.[32] We overrule Appellant's sole point.

## III. CONCLUSION

The trial court executed its statutory duty by making the findings required for a protective order. The court did not err by refusing Appellant's request for a jury trial. We affirm the trial court's judgment.

---

28. *See Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex.1985); *Ortiz v. State Farm Mut. Auto. Ins. Co.,* 955 S.W.2d 353, 357 (Tex.App.—San Antonio 1997, pet. denied).

29. *See* TEX. FAM.CODE ANN. § 84.001(a).

30. *See* Tex.R. Civ. P. 216(a).

31. *McBride v. Clayton,* 140 Tex. 71, 166 S.W.2d 125, 128 (1942) (quoting 59 C.J. § 616).

32. *See Baker,* 985 S.W.2d at 275 (citing *Industrial Accident Bd. v. Martinez,* 836 S.W.2d 330, 332 (Tex.App.—Houston [14th Dist.] 1992, no writ)).