Affirmed
as Modified and Majority and Concurring Opinions filed February 23, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00836-CV

___________________

 

ASHLEIGH ELISE TEEL, Appellant

 

V.

 

KENNETH RICHARD SHIFFLETT, Appellee



 



 

On Appeal from the 309th District Court

Harris County, Texas



Trial Court Cause No. 2008-23087

 



 

 

CONCURRING OPINION

I
write separately to address appellant’s challenge to the constitutionality of sections
81.001 and 85.001 of the Texas Family Code.  Section 81.001 provides that “[a]
court shall render a protective order as provided by Section 85.001(b) if the
court finds that family violence has occurred and is likely to occur in the
future.”  Tex. Fam. Code Ann. § 81.001 (Vernon 2008).  Section 85.001 lists the
required findings and orders to be issued by the court if it finds that family
violence has occurred and is likely to occur in the future.  Tex. Fam. Code
Ann. § 85.001 (Vernon 2008).  

Appellant
argues that she is entitled to a jury trial before the issuance of a protective
order and that by prohibiting such a trial, sections 81.001 and 85.001 violate
her right to jury trial under Article V, Section 10 of the Texas Constitution.[1]  Article V, the
Judiciary Article, was added to the Texas Constitution to broaden the right to
a jury afforded by Article I, section 15 because that section did not extend to
causes in equity. [2] 
State v. Credit Bureau of Laredo, Inc., 530 S.W.2d 288, 292 (Tex. 1975). 


Special
circumstances justify holdings that not all adversary proceedings qualify as a
“cause” under the Judiciary Article requiring a jury trial. These cases have
been isolated upon a case-by-case determination and include such proceedings as
election contests, Hammond v. Ashe, 103 Tex. 503, 131 S.W. 539 (1910)
(election contest is not a “cause” as contemplated by the Texas Constitution);
habeas corpus proceedings for the custody of minor children, Burckhalter v.
Conyer, 9 S.W.2d 1029 (Tex.Com.App.1928, jdgmt adopted); Pittman v.
Byars, 112 S.W. 102, 106 (Tex.Civ.App.1908, no writ); appeals in
administrative proceedings, Texas Liquor Control Board v. Jones, 112
S.W.2d 227, 229 (Tex.Civ.App.1937, no writ), and applications for family
protective orders.  Williams v. Williams, 19 S.W.3d 544 (Tex. App.—Fort
Worth 2000, pet. denied).  

In
Williams v. Williams, 19 S.W.3d 544 (Tex. App.—Fort Worth 2000, pet.
denied), the court addressed an identical challenge to sections 81.001 and
85.001 and found the statutes constitutional.  Id. at 548.  The court
noted that in promulgating the statutes that control family protective orders,
the legislature provided that an applicant for a protective order is entitled
to a hearing not later than 14 days after the date of filing unless a later
date is requested by the applicant.  See Tex. Fam. Code Ann. § 84.001(a)
(Vernon 2008).  A request for jury trial in a civil suit is required to be
filed not less than 30 days in advance of the date set for trial.  Tex. R. Civ.
P. 216(a).  The Williams court noted that it is not possible to comply
with the statutory requirement to hold a hearing within 14 days, yet also
comply with the rule that requires filing of a written request for a jury trial
30 days in advance.  Williams, 19 S.W.3d at 548.  

While
the right to a jury trial is by constitutional mandate to remain inviolate, the
legislature is also directed to pass such laws as maintain its efficiency.  Green
v. W.E. Grace Mfg. Co., 422 S.W.2d 723, 725 (Tex. 1968).  The inviolate
right to a jury trial is regulated by those rules which specify its
availability.  Green, 422 S.W.2d at 725.  The Family Code requires a
hearing to be held on an application for family protective order within 14 days
of the filing of the application with few exceptions permitted to continue the
hearing.  Tex. Fam. Code Ann. § 84.001(a) (Vernon 2008).  A party requesting a
jury trial must comply with the procedure set forth in rule 216 of the Texas
Rules of Civil Procedure, which requires a request for a jury be made not less
than 30 days before the date set for trial.  Howell v. Texas Workers’
Compensation Com’n, 143 S.W.3d 416, 438 (Tex. App.—Austin 2004, pet.
denied).  By requiring a hearing within 14 days of the application and
requiring a court to make the determination, the legislature recognized the
immediate nature of most family protective orders.  If the legislature
permitted jury trials to determine facts in an application for a protective
order, the individual from whom protection is sought could effectively delay
the hearing by requesting a jury.  Such a delay would work to the disadvantage
of the individual seeking protection because he or she would have to wait at
least 30 days before the hearing could be held.  The legislature had the
undoubted right to make this additional protection in the interest of ensuring
that a protective order is issued as timely as possible and, in so doing,
violated no constitutional guarantee to appellant.  

I
agree with the majority that Teel’s first issue should be overruled, but
disagree with the majority’s conclusion that Teel did not properly preserve the
issue.  Thus, I respectfully concur.

                                                                                    

                                                                        /s/         Leslie
B. Yates

                                                                                    Justice

 

Panel consists of Justices
Yates, Frost, and Brown. (Frost, J. Majority)

 









[1] In the trial of all
causes in the District Courts the plaintiff or defendant shall, upon
application made in open court, have the right of trial by jury; but no jury
shall be empaneled in any civil case unless demanded by a party to the case,
and a jury fee be paid by the party demanding a jury, for such sum, and with
such exceptions as may be prescribed by the Legislature.  Tex. Const. art. V, §
10

 





[2] The right of trial by
jury shall remain inviolate. The Legislature shall pass such laws as may be
needed to regulate the same, and to maintain its purity and efficiency.  Tex.
Const. art. I, § 15