Affirmed as Modified and Majority and Concurring Opinions
filed February 23, 2010.

 

 

In The

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00836-CV

___________________

 

ASHLEIGH ELISE TEEL, Appellant

 

V.

 

KENNETH RICHARD SHIFFLETT, Appellee



 



 

On Appeal from the 309th District Court

Harris County, Texas



Trial Court Cause No. 2008-23087

 



 

 

 M A J O R I T Y   O P I N I O N

This is an appeal from a protective
order entered against a man’s former girlfriend after the trial court
determined that the former girlfriend committed family violence against him and
was likely to commit family violence in the future.  In four issues, the former
girlfriend challenges (1) the constitutionality of the statute under which the
protective order was issued, (2) a recitation in the judgment that the parties
were “intimate partners” pursuant to 18 U.S.C. §§ 922(g)(8) & 921(a)(32),
(3) the legal and factual sufficiency of the evidence to support a finding that
the former girlfriend was a household member, and (4) the legal and factual
sufficiency of the evidence to support a finding that family violence is likely
to occur in the future.  We modify the judgment to delete the intimate-partners
finding and we affirm the trial court’s judgment as modified.

Factual and Procedural Background

Appellant Ashleigh Elise
Teel and appellee Kenneth Richard Shiflett began dating in April 2007. 
Sometime after they met, they learned that Teel was pregnant, and they planned
to marry each other on July 7, 2007.  In anticipation of the marriage, Teel
moved her belongings into Shiflett’s house on July 4, 2007.  The next day Shiflett
left the house to go to work, but when he realized he had left his wallet at
home, he returned home to retrieve it. Teel told Shiflett that she had taken the
wallet.  Teel testified that she was angry with Shiflett so she hid his wallet
from him.  Teel began throwing items in the house and kicked Shiflett’s dog. 
She also picked up a knife and moved toward Shiflett.  As Shiflett struggled
with Teel to take the knife away, his hand was cut.  After Shiflett took the
knife, Teel left the house.  When Teel returned later the same day, she burned Shiflett’s
arm with the cigarette she had been smoking.  Teel and Shiflett struggled, and Teel
kicked Shiflett in the groin.  She retrieved the knife from the kitchen and
began slashing Shiflett’s clothes and other belongings.  After Shiflett called
the police, Teel locked herself in a bedroom.  When the police arrived Teel
refused to put down the knife until the police officers used a taser to subdue
her.

On March 8, 2008, Shiflett
went to a bar called Molly’s with some friends.  When he arrived, someone told
him Teel had been in Molly’s, so he and his friends left Molly’s and went to ZZ
Gators bar.  After Shiflett entered ZZ Gators, Teel approached him and hit him
in the head.  Teel and Shiflett engaged in a heated discussion, and the
bartender asked Teel to leave the bar.  

On April 18, 2008, Shiflett
filed an application for a protective order alleging that he and Teel lived in
the same household and that Teel had engaged in conduct that constituted family
violence as defined in section 71.004(1) of the Texas Family Code.  Shiflett
requested that this application be served on Teel; however, our record does not
reflect when any service was accomplished. On April 23, 2008, the trial court
signed a temporary protective order.  In this order, the trial court directed
the district clerk to give notice to Teel regarding the hearing on Shiflett’s
application.  The appellate record reflects that this order was mailed to Teel
on April 23, 2008.

On May 19, 2008, Teel
demanded a jury trial and paid the jury fee.  On that same day, Teel filed a
motion to dismiss and an original answer.  On June 3, 2008, the trial court conducted
a hearing on Shiflett’s application.  Teel’s counsel noted that, under the
Texas Family Code, the trial court, rather than a jury, must make the findings
regarding an applicant’s entitlement to a protective order regarding family
violence; however, Teel’s counsel asserted that this statute is
unconstitutional to the extent it deprived Teel of a jury trial regarding
Shiflett’s application for a protective order.  The trial court denied Teel’s
request for a jury trial.

At trial, Teel testified
and admitted that she had burned Shiflett’s arm with a cigarette and brandished
a knife on July 5, 2007.  She further admitted that she hit Teel at ZZ Gators
on March 8, 2008.  Teel maintained that her actions on both occasions were
necessary to defend herself.

At the conclusion of the
hearing, the trial court found that Teel and Shiflett had formed a household
and that Teel was a member of the household.  The court further found that Teel
committed family violence on two occasions (July 5, 2007 and March 8, 2008) and
was likely to commit family violence in the future.  The trial court’s written
order reflected its oral findings, but also included the additional finding
that Teel and Shiflett “were intimate partners pursuant to Title 18, United
States Code, sections 922(g)(8) and 921(a)(32).”

Constitutional
Challenge

In her first issue, Teel
argues that she was entitled to a jury trial because the parts of the Family
Code requiring the trial court, rather than a jury, to make the fact findings
regarding Shiflett’s application violate Teel’s right to a jury trial under
article I, section 15 and article V, section 10 of the Texas Constitution.  See
Tex. Const. art. I, § 15; Tex. Const. art. V, § 10;  Tex. Fam. Code Ann. §§ 81.001, 85.001
(Vernon 2008).  We presume that the challenged parts of the Texas Family Code
are constitutional.  As the party challenging the constitutionality of a
statute as applied, Teel had the burden of proving all facts necessary to show
that these statutes are unconstitutional as applied to her.  See Edgewood Indep. Sch. Dist. v. Meno, 917 S.W.2d 717, 725 (Tex. 1995); Tex-Air Helicopters, Inc. v. Galveston County Appraisal Review Bd., 76 S.W.3d 575, 584–85
(Tex. App.—Houston [14th Dist.] 2002, pet. denied).

Under Texas Rule of Civil
Procedure 216, entitled “Request and Fee for Jury Trial,” “[n]o jury trial
shall be had in any civil suit, unless a written request for a jury trial is
filed with the clerk of the court a reasonable time before the date set for
trial of the cause on the non-jury docket, but not less than thirty days in
advance.”  Tex. R. Civ. P. 216.  It
is within the discretion of the trial court to deny a jury trial if the party
requesting the jury trial does so less than thirty days before trial.  See
Huddle v. Huddle, 696 S.W.2d 895, 895 (Tex. 1985) (per curiam). Teel has
not challenged the constitutionality of Texas Rule of Civil Procedure 216.[1]  In this case, the
trial occurred forty-six days after Shiflett filed his application and
forty-one days after the date the record reflects that the district clerk sent
a copy of the temporary protective order to Teel.  Teel did not request a jury
trial until fifteen days before trial.  Teel has neither argued nor proven that
she was unable to request a jury trial at least thirty days before trial.  Even
if the trial court had determined that the challenged statutes otherwise would
have unconstitutionally deprived Teel of her right to a jury trial, the trial
court still would have had the discretion to deny Teel’s request for a jury
trial under Rule 216 based on Teel’s untimely request.  See Huddle, 696
S.W.2d at 895.  Therefore, Teel did not prove all facts necessary to show that,
as applied to her, these statutes unconstitutionally deprived her of the right
to a jury trial.  See Tex-Air Helicopters, Inc., 76 S.W.3d at 584–88
(holding party challenging constitutionality of statute did not prove all facts
necessary to show that the statute was unconstitutional as applied); Williams
v. Williams, 19 S.W.3d 544, 546 (Tex. App.—Fort Worth 2000, pet. denied)
(holding that trial court did not abuse its discretion by denying jury trial on
application for protective order against family violence because request for
jury trial was untimely under Rule 216).[2]
 Accordingly, we overrule Teel’s first issue.

Finding of
“Intimate Partners”

In her second issue, Teel
argues that the trial court erred in including a finding that the parties were
intimate partners pursuant to Title 18, United States Code, sections 922(g)(8)
and 921(a)(32).  Teel preserved error on this issue in the trial court.  Section
922(g)(8) makes it unlawful for persons under family protective orders to
possess, ship, or transport any firearm or ammunition.  See U.S. v. Miles,
238 F.Supp.2d 297, 304–05 (D. Maine 2002).  The term “intimate partner” means,
with respect to a person, the spouse of the person, a former spouse of the
person, an individual who is a parent of a child of the person, and an
individual who cohabitates or has cohabitated with the person.  18 U.S.C.
921(a)(32).  Teel alleges that because Shiflett did not plead that the parties
were intimate partners, the judgment does not conform to the pleadings.  

Although she cites no
authority in support of this issue, Teel’s argument is grounded on the basic
idea addressed by the rules of civil procedure that a judgment shall conform to
the pleadings.  Tex. R. Civ. P.
301.  Pleadings must give reasonable notice of the claims asserted.  SmithKline
Beecham Corp. v. Doe, 903 S.W.2d 347, 354–55 (Tex. 1995).  A reviewing
court should liberally construe the petition to contain any claims that
reasonably may be inferred from the specific language used in the petition and
uphold the petition as to those claims, even if an element of a claim is not
specifically alleged.  See id.  In making this determination, however, a
reviewing court cannot use a liberal construction of the petition as a license
to read into the petition a claim that it does not contain.  Moneyhon v.
Moneyhon, 278 S.W.3d 874, 878 (Tex. App.—Houston [14 Dist.] 2009, no
pet.).  The petition must give fair and adequate notice of the claims being
asserted, and, if the reviewing court cannot reasonably infer that the petition
contains a given claim, then the court must conclude the petition does not
contain such a claim, even under a liberal construction.  See SmithKline
Beecham Corp., 903 S.W.2d at 354–55.  

Shiflett’s application for
a family protective order contains no request for a finding that the parties
were intimate partners under the federal statute.  Nonetheless, in the
protective order, the trial court found that Shiflett and Teel were intimate
partners. Therefore, the judgment did not conform to the pleadings, and the
trial court erred in granting such relief in the absence of pleadings or trial
by consent.  See Tex. R. Civ. P.
301; Moneyhon, 278 S.W.3d at 878.  If issues not raised by the pleadings
are tried by express or implied consent of the parties, these issues shall be
treated as if they had been raised by the pleadings.  See Tex. R. Civ. P. 67, 301; Baltzer v.
Medina, 240 S.W.3d 469, 476 (Tex. App.—Houston [14th Dist.] 2007, no
pet.).  To determine whether the issue was tried by consent, the court must
examine the record not for evidence of the issue, but rather for evidence of
trial of the issue.  Greene v. Young, 174 S.W.3d 291, 301 (Tex.
App.—Houston [1st Dist.] 2005, pet. denied).  

The record does not
reflect that the intimate-partners issue was tried by consent.  Although the
record indicates that the parties had cohabitated and had a child together, the
record does not reflect that the parties were trying the issue of “intimate
partners” as that term is defined by section 921 of Title 18 of the United
States Code.  Accordingly, we sustain Teel’s second issue.

 

Legal and
Factual Sufficiency of the Evidence

            In
her third and fourth issues, Teel argues the evidence is legally and factually
insufficient to support the trial court’s findings that the parties were
members of the same household and that family violence was likely to occur in
the future.

Standard of Review

Under section 85.001 of the Texas
Family Code, the trial court may grant a protective order upon finding that
family violence has occurred and is likely to occur again. Tex. Fam. Code Ann. § 85.001(a) (Vernon
2008).  In reviewing a trial court’s findings of fact for legal and factual
sufficiency, we apply the same standards that we apply in reviewing jury
findings.  Ulmer v. Ulmer, 130 S.W.3d 294, 299 (Tex. App.—Houston [14th
Dist.] 2004, no pet.).  When reviewing the legal sufficiency
of the evidence, we consider the evidence in the light most favorable to the
challenged finding and indulge every reasonable inference that would support
it. City of Keller v. Wilson, 168 S.W.3d 802, 823 (Tex.2005).  We must
credit favorable evidence if a reasonable factfinder could and disregard
contrary evidence unless a reasonable factfinder could not. See id. at
827. We must determine whether the evidence at trial would enable reasonable
and fair-minded people to find the facts at issue. See id. The factfinder
is the only judge of witness credibility and the weight to give to testimony. See
id. at 819.

When reviewing a challenge
to the factual sufficiency of the evidence, we examine the entire record,
considering both the evidence in favor of, and contrary to, the challenged
finding.  Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).  After
considering and weighing all the evidence, we set aside the fact finding only
if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust.  Pool v. Ford Motor Co., 715 S.W.2d 629, 635
(Tex. 1986).  The trier of fact is the sole judge of the credibility of the
witnesses and the weight to be given to their testimony.  GTE Mobilnet of S.
Tex. v. Pascouet, 61 S.W.3d 599, 615–16 (Tex. App.—Houston [14th Dist.]
2001, pet. denied).  We may not substitute our own judgment for that of the
trier of fact, even if we would reach a different answer on the evidence.  Maritime
Overseas Corp. v. Ellis, 971 S.W.2d 402, 407 (Tex. 1998).  The amount of evidence
necessary to affirm a judgment is far less than that necessary to reverse a
judgment.  Pascouet, 61 S.W.3d at 616.

Members-of-Same-Household Evidence

A “household” is a “unit
composed of persons living together in the same dwelling, without regard to
whether they are related to each other.”  Tex.
Fam. Code Ann. § 71.005
(Vernon 2008).  A “member of a household” includes a person who previously
lived in the household.  Tex. Fam. Code
Ann. § 71.006 (Vernon 2008).  

Both parties testified
that they intended to marry on July 7, 2007, and that on July 4, 2007, Teel
moved her belongings to Shiflett’s house.  Shiflett testified that prior to this
move, Teel had lived with him for at least one month.  Teel testified that she
did not intend to live with Shiflett until after their wedding and, despite the
fact that she spent several nights at his house and moved her belongings into
his house, she did not consider herself as having moved into his house to
establish a household because she maintained an apartment at which she received
mail.  The trial court found that on July 5, 2007, the parties established a
household.  

Although the parties’
cohabitation was intermittent due to their disagreements, the uncontroverted
evidence is that they intended to marry and Teel moved her belongings into Shiflett’s
house.  Teel gave birth to a child in January 2008, and both parties believe
the child was fathered by Shiflett.[3] 
Under the applicable standards of review, we conclude that the evidence is
legally and factually sufficient to support the trial court’s finding that
Shiflett and Teel had formed a household.  Accordingly, we overrule Teel’s
third issue.

Family-Violence-Likely-to-Occur-in-the-Future Evidence

Teel does not challenge the
trial court’s finding that family violence occurred; rather, she argues the
evidence is legally and factually insufficient to support the trial court’s
finding that family violence is likely to occur in the future.  Teel points out
that Shiflett never testified that he “believed” or “feared” that Teel would
commit family violence in the future and argues that Shiflett never presented
any objective evidence that would show a likelihood that Teel would commit
family violence in the future.  

In parental-termination
and child-custody cases, “evidence that a parent has engaged in abusive or
neglectful conduct in the past permits an inference that the parent will
continue this behavior in the future.”  In re T.L.S. and R.L.P., 170
S.W.3d 164, 166 (Tex. App.—Waco 2005, no pet.).  This principle also applies in
cases involving protective orders against family violence.  Banargent v.
Brent, No. 14-05-00574-CV, 2006 WL 462268, at *1–2 (Tex. App.—Houston [14th
Dist.] Feb. 28, 2006, no pet.) (mem. op.).  “Oftentimes, past is prologue;
therefore, past violent conduct can be competent evidence which is legally and
factually sufficient to sustain the award of a protective order.”  In re
Epperson, 213 S.W.3d 541, 544 (Tex. App.—Texarkana 2007, no pet.).  In
this case, Shiflett testified to several instances of violence, one in which
police officers had to subdue Teel with a taser because she would not
relinquish a weapon.  The trial court reasonably could have concluded that
future violence is likely to occur based on the testimony showing a pattern of
violent behavior.  See Banargent, 2006 WL 462268, at *1–2; Clements
v. Haskovec, 251 S.W.3d 79, 87–88 (Tex. App.—Corpus Christi 2008, no
pet.). Under the applicable standards of review, we conclude that the evidence
is legally and factually sufficient to support the trial court’s finding that Teel
is likely to commit family violence in the future.  Accordingly, we overrule Teel’s
fourth issue.  

We
modify the judgment of the trial court to delete the finding that the parties  were
“intimate partners” pursuant to Title 18, United States Code, sections
922(g)(8) and 921(a)(32).  We affirm the judgment as modified.

 

                                                                                    

                                                                        /s/        Kem Thompson Frost

                                                                                    Justice

 

 

Panel consists of Justices
Yates, Frost, and Brown (Yates, J., concurring).

 









[1] This rule has been held
to be constitutional by a sister court of appeals.  See Rent America, Inc. v.
Amarillo Nat. Bank, 785 S.W.2d 190, 193 (Tex. App.—Amarillo 1990, writ
denied).





[2] In the Williams
case, the court held that “[b]ecause the evidence in this case conclusively
establishes that Appellant’s request for a jury was not made until he was in
court for the hearing, the request was not timely as a matter of law, and the
trial court did not abuse its discretion by denying the request.”  Williams,
19 S.W.3d at 546.  The opinion in Williams contains obiter dicta
regarding constitutional rights, statutory construction, and legislative
intent, which might give the impression that the Williams court
addressed the constitutionality of sections 81.001 and 85.001 of the Texas
Family Code.  See id. at 546–48.  However, the Williams court did
not hold or state that these statutes are constitutional.  See id.  
Instead, the Williams court, like this court, based its decision on the
untimely request for a jury trial under Texas Rule of Civil Procedure 216.  See
id.

 

 





[3] At the time of the
hearing, genetic testing had been ordered but not completed.