Louis Everett **WINSETT, Appellant,**

v.

**Denita Dane EDGAR, Appellee.**

No. 2–99–293–CV.

Court of Appeals of Texas, Fort Worth.

June 15, 2000.

Earl R. Waddell, III, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Ann Diamond, Chief, Litigation–Civil, Asst. Crim. Dist. Atty., Fort Worth, for appellee.

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

## MEMORANDUM OPINION[1]

LEE ANN DAUPHINOT, Justice.

### INTRODUCTION

Appellant Louis Everett Winsett (Winsett) appeals from the trial court's order denying his request for a jury trial on the application for a protective order filed by Winsett's former wife, Appellee Denita Dane Edgar (Edgar), and from the trial court's protective order. In his sole point on appeal, Winsett argues that the trial court violated his constitutional rights by denying his request for a jury trial. Because we conclude that Winsett was not entitled to a jury trial on Edgar's application for a protective order, we affirm the trial court's protective order and the trial court's order denying Winsett's request for a jury trial.

### FACTUAL AND PROCEDURAL BACKGROUND

Winsett and Edgar were divorced and were appointed joint managing conservators of their minor children by decree and judgment signed on March 12, 1999. On June 19, 1999, Winsett and Edgar attended their son's basketball game at Durham Intermediate School. A dispute arose between Winsett and Edgar about whether their son should go home with Winsett or with Edgar. A verbal altercation ensued, and there is some evidence that Winsett attempted to prevent Edgar from leaving the school gymnasium. There is also evidence that Winsett had committed other acts of violence against Edgar before the incident at the basketball game.

On August 3, 1999, Edgar filed an application for a protective order under title 4 of the family code.[2] That same day, the trial court entered a temporary ex parte order for twenty days[3] and ordered Winsett to appear before the associate judge on August 12, 1999 at 8:30 a.m. At 8:12 a.m. on August 12, eighteen minutes before the trial was set to begin, Winsett filed an answer and a request for a jury trial. The associate judge continued the case until August 20. On August 19, Edgar filed a motion to strike Winsett's request for a jury trial.

On August 20, after conducting a hearing on Winsett's request for a jury trial and on Edgar's motion to strike the request, the trial court sustained Edgar's motion and struck Winsett's request for a jury trial. The trial court then proceeded to hear Edgar's application for a protective order without a jury and entered a protective order. That same day, Winsett filed his notice of appeal of the protective order. On September 8, the trial court entered a written order denying Winsett's request for a jury trial, and Winsett filed his notice of appeal of this order. On October 21, 1999, this court held that the protective order in this case disposes of all issues and parties in the underlying proceeding and, thus, is final and appealable.[4]

---

1. *See* TEX.R.APP. P. 47.1.

2. *See* TEX FAM.CODE ANN. § 71.004 (defining "family violence"), § 81.001 (providing that court shall render protective order if court finds that family violence has occurred and is likely to occur in future), § 82.002 (explaining who may file application for protective order) (Vernon Supp.2000).

3. *See id.* §§ 82.009, 83.001.

4. *See Winsett v. Edgar,* No. 2–99–293–CV, slip op. at 2, 1999 WL 962497, at *1 (Tex.App.— Fort Worth Oct. 21, 1999, order, no pet. h.).

## RIGHT TO A JURY TRIAL

In his sole point on appeal, Winsett argues that the trial court violated his constitutional rights by denying his request for a jury trial. Specifically, Winsett contends that he had a constitutional right to a jury trial on Edgar's application for a protective order because the right to a jury trial found in article I, section 15 and in article V, section 10 of the Texas Constitution "extends to those actions tried to a jury when the constitution was adopted and to all causes tried in the district courts."[5]

In a case decided on May 25, 2000 that is analogous to the case now before us, this court held that "the legislature intended that courts, not juries, have the responsibility of making the findings necessary for the issuance of a family violence protective order" and that a party to a trial on an application for a family violence protective order is not entitled to a jury trial.[6] Because we conclude that *Williams* is dispositive of the issue in the case now before us, we hold that Winsett was not entitled to a jury trial on Edgar's application for a family violence protective order.

## CONCLUSION

We overrule Winsett's sole point on appeal and affirm the trial court's protective order and the trial court's order denying Winsett's request for a jury trial.

---

**5.** Tex. Const. arts. I, § 15, V, § 10.

**6.** *Williams v. Williams,* 19 S.W.3d 544, 545–46, (Tex.App.—Fort Worth 2000, no pet. h.).