

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00370-CV

| | | |
|---|---|---|
| Jayson Aguilar | § | From the 231st District Court |
| | § | of Tarrant County (231-500094-11) |
| v. | | |
| | § | December 21, 2012 |
| Serina Sierra Aguilar | § | Per Curiam |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00370-CV

JAYSON AGUILAR                                                         APPELLANT

V.

SERINA SIERRA AGUILAR                                                  APPELLEE

----------

### FROM THE 231ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellant pro se Jayson Aguilar appeals following the trial court's entry of a protective order against him, and he argues in three issues that the trial court erred by allowing perjury to be used as supporting evidence, by ruling without factually accurate evidence, and by violating his Fourth and Seventh Amendment rights. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Background

The following facts are set forth in the July 11, 2011 affidavit in support of application for protective order signed by Serina Sierra Aguilar, the complainant and appellee herein. Serina and Jayson were married in 2004 and lived together until June 27, 2011. They have two children.

On June 4, 2011, Jayson was showing Serina a martial arts move he had learned. When Serina told him that she was not interested, Jayson "accidentally" kicked her on the thigh with the heel of his foot, leaving a bruise on Serina's thigh. Later that month, Jayson taught the couple's older son about pressure points on a person's body, but Serina told Jayson that she did not believe it was appropriate to teach such things to a five-year-old child. Jayson stated that the techniques were for self-defense, and he demonstrated by touching Serina's pressure points. Serina told Jayson to stop, but "Jayson continued for a few more times causing [Serina] pain [in her] right foot and leaving a finger nail imprint."

On June 26, 2011, Jayson broke items in Serina's parents' house in anger and stated via telephone that he wanted to kill her parents. Someone called the police, but Jayson had left before the police arrived. The locks were changed, but Jayson returned around two or three o'clock the next morning. Jayson told Serina that "he would [w]ring [her] neck like a chicken." Jayson also touched pressure points on Serina's forehead and shoulder, and Serina cried. Jayson

3

then "struck his arm at [Serina] and [she] dodged it." Jayson was arrested when the police arrived.

After his arrest, Jayson called Serina from jail until she called to report him. Serina stated in the affidavit that she feared for her life, that Jayson talked about killing her, that he said he would kill her if she turned to the police, that he said there would be no evidence that he had killed her, and that "Jayson's anger allows him to do crazy cruel things."

The trial court rendered a written protective order against Jayson on July 19, 2011. Jayson did not appear for the hearing.

### III. Discussion

Jayson argues in his first and second issues that the trial court erred by allowing perjury to be used as supporting evidence and that the trial court did not have "factual truth" when making its decision. We broadly construe Jayson's first two issues to challenge the legal and factual sufficiency of the evidence. Jayson argues in his third issue that the trial court violated his Fourth and Seventh Amendment rights.

### A. Standards of Review

"[W]e review appellate challenges to the granting of protective orders for sufficiency of the evidence, measured by legal and factual sufficiency contentions." *Schaban-Maurer v. Maurer-Schaban*, 238 S.W.3d 815, 823 (Tex. App.—Fort Worth 2007, no pet.), *disapproved on other grounds*, *Iliff v. Iliff*, 339 S.W.3d 74 (Tex. 2011). We may sustain a legal sufficiency challenge only when

4

(1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999); Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362–63 (1960). In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005).

When reviewing an assertion that the evidence is factually insufficient to support a finding, we set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, we determine that the credible evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the answer should be set aside and a new trial ordered. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965).

5

## B. Legally and Factually Sufficient Evidence

A trial court must render a protective order "if the court finds that family violence has occurred and is likely to occur in the future." Tex. Fam. Code Ann. § 81.001 (West 2008); *see id.* § 85.001 (West Supp. 2012). In his brief, Jayson presents his version of what occurred in June 2011, denies that he made threats against Serina's life or safety, asserts that Serina's affidavit contains numerous untruths, and denies that he committed family violence.

We first note that Serina's affidavit presented sufficient evidence that family violence had occurred and was likely to occur in the future. Relevant to this case, "family violence" means an act by one member of a family against another member of that family "that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault." *Id.* § 71.004(1) (West 2008). Serina's affidavit includes statements that Jayson kicked her on her thigh, possibly accidentally, on June 4, 2011; that Jayson caused Serina pain when he, without her consent, demonstrated pressure points for their son later in June 2011; that on June 26, 2011, Jayson broke items in Serina's parents' house in anger, said that he wanted to kill Serina's parents, and left before police arrived; that Jayson, early the next morning, touched pressure points on Serina's forehead and shoulder, said that he would "[w]ring [her] neck like a chicken," and struck his arm at her; and that Jayson continued to call Serina from jail after his arrest. Serina's affidavit also

6

states that she feared for her life and that Jayson had talked to her about killing her but leaving no evidence.

In the context of protective orders, Texas law recognizes that evidence showing that a person has engaged in abusive conduct in the past permits an inference that the person will continue such conduct in the future. *See In re Epperson*, 213 S.W.3d 541, 543–44 (Tex. App.—Texarkana 2007, no pet.); *In re T.L.S.*, 170 S.W.3d 164, 166 (Tex. App.—Waco 2005, no pet.), *overruled on other grounds by In re J.D.*, 304 S.W.3d 522 (Tex. App.—Waco 2009, no pet.). As noted in *Epperson*, "Oftentimes, past is prologue; therefore, past . . . conduct can be competent evidence which is legally and factually sufficient to sustain the award of a protective order." 213 S.W.3d at 544. In this case, there is evidence within the affidavit showing escalated incidents of hostility and physical and verbal aggression toward Serina. That evidence and the evidence that Jayson continued to contact Serina from jail together constitute legally and factually sufficient evidence that family violence had occurred and was likely to occur in the future. *See* Tex. Fam. Code Ann. §§ 71.004(1), 81.001, 85.001; *Pena v. Garza*, 61 S.W.3d 529, 532 (Tex. App.—San Antonio 2001, no pet.) (noting conflicting evidence at trial and trial court's role as factfinder, and holding legally and factually sufficient evidence supported future family violence finding); *see also K.D. v. D.D.*, No. 04-09-00091-CV, 2010 WL 724373, at *5–6 (Tex. App.—San Antonio Mar. 3, 2010, no pet.) (mem. op.) (holding evidence of future family

violence legally sufficient based on inference from past conduct and past threat to harm complainant if complainant reported sexual abuse).

Jayson argues that the statements in Serina's affidavit are untrue and constitute perjury, and he asserts that the trial court made its decision to render the protective order with only Serina's version of events. However, we cannot reverse the protective order on these grounds. First, nothing in the appellate record other than Jayson's assertions suggests that Serina's affidavit actually contains perjury, and "alleged perjury [is not] an issue on which this court can grant relief." *Hendricks v. Hendricks*, No. 02-05-00304-CV, 2007 WL 2067827, at *3 n.6 (Tex. App.—Fort Worth July 19, 2007, no pet.) (mem. op.). Second, Jayson's version of what occurred in June 2011 is not in the record, and we are therefore not permitted to consider it. *See Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 292–93 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("With limited exceptions not relevant here, an appellate court may not consider matters outside the appellate record."), *overruled on other grounds by Glassman v. Goodfriend*, 347 S.W.3d 772 (Tex. App.—Houston [14th Dist.] 2011, pet. denied); *see also In re D.L.S.*, No. 02-10-00366-CV, 2011 WL 2989830, at *6 n.6 (Tex. App.—Fort Worth July 11, 2011, no pet.) (mem. op.). Moreover, even if the statements in Jayson's appellate brief were before the trial court at the time of the protective order hearing, it was the trial court's province to judge the credibility of the witnesses and to resolve any discrepancies in their testimony, meaning we as an appellate court are not permitted to substitute our judgment

8

for that of the trial court and are not allowed to reweigh the evidence. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003); *Young v. Young*, 168 S.W.3d 276, 281 (Tex. App.—Dallas 2005, no pet.) ("In a bench trial, it is for the court, as trier of fact, to judge the witnesses, to assign the weight to be given their testimony, and to resolve any conflicts or inconsistencies in the testimony."); *In re M.G.M.*, 163 S.W.3d 191, 202 (Tex. App.—Beaumont 2005, no pet.) ("It was for the trial court alone to determine the credibility of the witnesses, and the trial court could have disregarded [respondent's] denials in their entirety.").

Finally, to the extent that Jayson contends that the trial court heard only Serina's version of what occurred in June 2011 because he was not represented by counsel, the appellate record does not contain any indication that Jayson requested that the trial court appoint him counsel. And even if Jayson had requested counsel, Jayson does not have the automatic right to appointment of counsel in this case because it is a civil protective order proceeding in which Serina sought to have Jayson restrained but not imprisoned. *See Martin v. Parris*, No. 06-10-00037-CV, 2011 WL 766653, at *6 (Tex. App.—Texarkana Mar. 4, 2011, no pet.) (mem. op.); *Lopez v. State*, No. 12-02-00380-CV, 2003 WL 23015072, at *2–3 (Tex. App.—Tyler Dec. 23, 2003, pet. denied) (mem. op.); *see also Cox v. Simmons*, No. 07-07-00320-CV, 2007 WL 2409746, at *1–2 (Tex. App.—Amarillo Aug. 24, 2007, order), *disp. on merits*, No. 07-07-00320-CV,

9

2008 WL 216085 (Tex. App.—Amarillo Jan. 25, 2008, no pet.) (mem. op.). We overrule Jayson's first and second issues.

## C. Constitutional Rights

Jayson argues in his third issue that the trial court violated his Fourth and Seventh Amendment rights by rendering the protective order. Specifically, Jayson contends that he should have been permitted a jury trial and that the protective order, which prohibits him from going within 200 yards of the residence where he formerly resided with Serina, denies him the right to be secure in his home.

Concerning Jayson's alleged Seventh Amendment right to a jury trial, this court has twice held that "a party to a trial on an application for a family violence protective order is not entitled to a jury trial." *Winsett v. Edgar*, 22 S.W.3d 510, 512 (Tex. App.—Fort Worth 2000, pet. denied); *Williams v. Williams*, 19 S.W.3d 544, 545–46 (Tex. App.—Fort Worth 2000, pet. denied). We therefore overrule this portion of Jayson's third issue.

As to Jayson's contention that the protective order unconstitutionally interferes with his right to be secure in his home, we note that family code section 85.022(b)(3) expressly allows a trial court to prohibit a person who has been found to have committed family violence from going to or near the residence of the person protected by the protective order. Tex. Fam. Code Ann. § 85.022(b)(3) (West Supp. 2012). We further note both that any review concerning the alleged unconstitutional application of a statute begins with the

10

presumption that the statute is constitutional and that the party challenging its application has the burden of showing its alleged unconstitutionality. *Teel v. Shifflett*, 309 S.W.3d 597, 601 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). Jayson's brief states only that he "feels his right to be secure at the address he is not permitted to go to violates his IV Amendment rights." This argument, even assuming it were supported by evidence in the appellate record, is not sufficient to overcome Jayson's burden of showing the alleged unconstitutional application of family code section 85.022(b)(3). We therefore overrule the remainder of Jayson's third issue.

## IV. Conclusion

Having overruled each of Jayson's three issues, we affirm the trial court's judgment.

PER CURIAM

PANEL: GARDNER, MCCOY, and MEIER, JJ.

DELIVERED: December 21, 2012

11