02-11-370-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-11-00370-CV

 

 


 
 
 Jayson
 Aguilar
  
  
 v.
  
  
 Serina
 Sierra Aguilar
 
 
 §
  
 §
  
 §
  
 §
  
 
 
 From the 231st District
 Court
  
 of
 Tarrant County (231-500094-11)
  
 December
 21, 2012
  
 Per
 Curiam
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS

 

 

 

PER
CURIAM

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO.  02-11-00370-CV

 

 


 
 
 JAYSON AGUILAR
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 SERINA SIERRA AGUILAR
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 231ST
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I. 
Introduction

          Appellant
pro se Jayson Aguilar appeals following the trial court’s entry of a protective
order against him, and he argues in three issues that the trial court erred by
allowing perjury to be used as supporting evidence, by ruling without factually
accurate evidence, and by violating his Fourth and Seventh Amendment rights.  We
affirm.

II. 
Background

          The
following facts are set forth in the July 11, 2011 affidavit in support of
application for protective order signed by Serina Sierra Aguilar, the
complainant and appellee herein.  Serina and Jayson were married in 2004 and
lived together until June 27, 2011.  They have two children.

          On
June 4, 2011, Jayson was showing Serina a martial arts move he had learned.  When
Serina told him that she was not interested, Jayson “accidentally” kicked her
on the thigh with the heel of his foot, leaving a bruise on Serina’s thigh.  Later
that month, Jayson taught the couple’s older son about pressure points on a person’s
body, but Serina told Jayson that she did not believe it was appropriate to
teach such things to a five-year-old child.  Jayson stated that the techniques
were for self-defense, and he demonstrated by touching Serina’s pressure
points.  Serina told Jayson to stop, but “Jayson continued for a few more times
causing [Serina] pain [in her] right foot and leaving a finger nail imprint.”

          On
June 26, 2011, Jayson broke items in Serina’s parents’ house in anger and
stated via telephone that he wanted to kill her parents.  Someone called the
police, but Jayson had left before the police arrived.  The locks were changed,
but Jayson returned around two or three o’clock the next morning.  Jayson told Serina
that “he would [w]ring [her] neck like a chicken.”  Jayson also touched
pressure points on Serina’s forehead and shoulder, and Serina cried.  Jayson
then “struck his arm at [Serina] and [she] dodged it.”  Jayson was arrested
when the police arrived.

          After
his arrest, Jayson called Serina from jail until she called to report him.  Serina
stated in the affidavit that she feared for her life, that Jayson talked about
killing her, that he said he would kill her if she turned to the police, that
he said there would be no evidence that he had killed her, and that “Jayson’s
anger allows him to do crazy cruel things.”

          The
trial court rendered a written protective order against Jayson on July 19,
2011.  Jayson did not appear for the hearing.

III. 
Discussion

Jayson
argues in his first and second issues that the trial court erred by allowing
perjury to be used as supporting evidence and that the trial court did not have
“factual truth” when making its decision.  We broadly construe Jayson’s first two
issues to challenge the legal and factual sufficiency of the evidence.  Jayson argues
in his third issue that the trial court violated his Fourth and Seventh
Amendment rights.

A. 
Standards of Review

          “[W]e
review appellate challenges to the granting of protective orders for
sufficiency of the evidence, measured by legal and factual sufficiency
contentions.”  Schaban-Maurer v. Maurer-Schaban, 238 S.W.3d 815, 823
(Tex. App.—Fort Worth 2007, no pet.), disapproved on other grounds, Iliff
v. Iliff, 339 S.W.3d 74 (Tex. 2011).  We may sustain a legal sufficiency
challenge only when (1) the record discloses a complete absence of
evidence of a vital fact; (2) the court is barred by rules of law or of
evidence from giving weight to the only evidence offered to prove a vital fact;
(3) the evidence offered to prove a vital fact is no more than a mere
scintilla; or (4) the evidence establishes conclusively the opposite of a
vital fact.  Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334
(Tex. 1998), cert. denied, 526 U.S. 1040 (1999); Robert W. Calvert, “No
Evidence” and “Insufficient Evidence” Points of Error, 38 Tex. L. Rev. 361,
362–63 (1960).  In determining whether there is legally sufficient evidence to
support the finding under review, we must consider evidence favorable to the
finding if a reasonable factfinder could and disregard evidence contrary to the
finding unless a reasonable factfinder could not.  Cent. Ready Mix Concrete
Co. v. Islas, 228 S.W.3d 649, 651 (Tex. 2007); City of Keller v. Wilson,
168 S.W.3d 802, 807, 827 (Tex. 2005).

          When
reviewing an assertion that the evidence is factually insufficient to support a
finding, we set aside the finding only if, after considering and weighing all
of the evidence in the record pertinent to that finding, we determine that the credible
evidence supporting the finding is so weak, or so contrary to the overwhelming
weight of all the evidence, that the answer should be set aside and a new trial
ordered.  Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986) (op.
on reh’g); Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); Garza v.
Alviar, 395 S.W.2d 821, 823 (Tex. 1965).

B.  Legally
and Factually Sufficient Evidence

          A
trial court must render a protective order “if the court finds that family
violence has occurred and is likely to occur in the future.”  Tex. Fam. Code
Ann. § 81.001 (West 2008); see id. § 85.001 (West Supp. 2012).  In his
brief, Jayson presents his version of what occurred in June 2011, denies that
he made threats against Serina’s life or safety, asserts that Serina’s
affidavit contains numerous untruths, and denies that he committed family
violence.

          We
first note that Serina’s affidavit presented sufficient evidence that family
violence had occurred and was likely to occur in the future.  Relevant to this
case, “family violence” means an act by one member of a family against another
member of that family “that is intended to result in physical harm, bodily
injury, assault, or sexual assault or that is a threat that reasonably places
the member in fear of imminent physical harm, bodily injury, assault, or sexual
assault.”  Id. § 71.004(1) (West 2008).  Serina’s affidavit includes statements
that Jayson kicked her on her thigh, possibly accidentally, on June 4, 2011;
that Jayson caused Serina pain when he, without her consent, demonstrated
pressure points for their son later in June 2011; that on June 26, 2011, Jayson
broke items in Serina’s parents’ house in anger, said that he wanted to kill Serina’s
parents, and left before police arrived; that Jayson, early the next morning, touched
pressure points on Serina’s forehead and shoulder, said that he would “[w]ring [her]
neck like a chicken,” and struck his arm at her; and that Jayson continued to
call Serina from jail after his arrest.  Serina’s affidavit also states that
she feared for her life and that Jayson had talked to her about killing her but
leaving no evidence.

          In
the context of protective orders, Texas law recognizes that evidence showing that
a person has engaged in abusive conduct in the past permits an inference that
the person will continue such conduct in the future.  See In re
Epperson, 213 S.W.3d 541, 543–44 (Tex. App.—Texarkana 2007, no pet.); In
re T.L.S., 170 S.W.3d 164, 166 (Tex. App.—Waco 2005, no pet.), overruled
on other grounds by In re J.D., 304 S.W.3d 522 (Tex. App.—Waco 2009, no
pet.).  As noted in Epperson, “Oftentimes, past is prologue; therefore,
past . . . conduct can be competent evidence which is legally and factually
sufficient to sustain the award of a protective order.”  213 S.W.3d at 544.  In
this case, there is evidence within the affidavit showing escalated incidents
of hostility and physical and verbal aggression toward Serina.  That evidence
and the evidence that Jayson continued to contact Serina from jail together
constitute legally and factually sufficient evidence that family violence had
occurred and was likely to occur in the future.  See Tex. Fam. Code Ann.
§§ 71.004(1), 81.001, 85.001; Pena v. Garza, 61 S.W.3d 529, 532 (Tex.
App.—San Antonio 2001, no pet.) (noting conflicting evidence at trial and trial
court’s role as factfinder, and holding legally and factually sufficient
evidence supported future family violence finding); see also K.D. v.
D.D., No. 04-09-00091-CV, 2010 WL 724373, at *5–6 (Tex. App.—San Antonio
Mar. 3, 2010, no pet.) (mem. op.) (holding evidence of future family violence
legally sufficient based on inference from past conduct and past threat to harm
complainant if complainant reported sexual abuse).

          Jayson
argues that the statements in Serina’s affidavit are untrue and constitute
perjury, and he asserts that the trial court made its decision to render the
protective order with only Serina’s version of events.  However, we cannot
reverse the protective order on these grounds.  First, nothing in the appellate
record other than Jayson’s assertions suggests that Serina’s affidavit actually
contains perjury, and “alleged perjury [is not] an issue on which this court
can grant relief.”  Hendricks v. Hendricks, No. 02-05-00304-CV, 2007 WL
2067827, at *3 n.6 (Tex. App.—Fort Worth July 19, 2007, no pet.) (mem. op.).  Second,
Jayson’s version of what occurred in June 2011 is not in the record, and we are
therefore not permitted to consider it.  See Nguyen v. Intertex, Inc.,
93 S.W.3d 288, 292–93 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (“With
limited exceptions not relevant here, an appellate court may not consider
matters outside the appellate record.”), overruled on other grounds by
Glassman v. Goodfriend, 347 S.W.3d 772 (Tex. App.—Houston [14th Dist.]
2011, pet. denied); see also In re D.L.S., No. 02-10-00366-CV, 2011 WL
2989830, at *6 n.6 (Tex. App.—Fort Worth July 11, 2011, no pet.) (mem. op.).  Moreover,
even if the statements in Jayson’s appellate brief were before the trial court
at the time of the protective order hearing, it was the trial court’s province
to judge the credibility of the witnesses and to resolve any discrepancies in
their testimony, meaning we as an appellate court are not permitted to
substitute our judgment for that of the trial court and are not allowed to
reweigh the evidence.  See Golden Eagle Archery, Inc. v. Jackson, 116
S.W.3d 757, 761 (Tex. 2003); Young v. Young, 168 S.W.3d 276, 281 (Tex.
App.—Dallas 2005, no pet.) (“In a bench trial, it is for the court, as trier of
fact, to judge the witnesses, to assign the weight to be given their testimony,
and to resolve any conflicts or inconsistencies in the testimony.”); In re
M.G.M., 163 S.W.3d 191, 202 (Tex. App.—Beaumont 2005, no pet.) (“It was for
the trial court alone to determine the credibility of the witnesses, and the
trial court could have disregarded [respondent’s] denials in their entirety.”).

          Finally,
to the extent that Jayson contends that the trial court heard only Serina’s
version of what occurred in June 2011 because he was not represented by
counsel, the appellate record does not contain any indication that Jayson
requested that the trial court appoint him counsel.  And even if Jayson had
requested counsel, Jayson does not have the automatic right to appointment of
counsel in this case because it is a civil protective order proceeding in which
Serina sought to have Jayson restrained but not imprisoned.  See Martin v.
Parris, No. 06-10-00037-CV, 2011 WL 766653, at *6 (Tex. App.—Texarkana Mar.
4, 2011, no pet.) (mem. op.); Lopez v. State, No. 12-02-00380-CV, 2003
WL 23015072, at *2–3 (Tex. App.—Tyler Dec. 23, 2003, pet. denied) (mem. op.); see
also Cox v. Simmons, No. 07-07-00320-CV, 2007 WL 2409746, at *1–2
(Tex. App.—Amarillo Aug. 24, 2007, order), disp. on merits, No.
07-07-00320-CV, 2008 WL 216085 (Tex. App.—Amarillo Jan. 25, 2008, no pet.)
(mem. op.).  We overrule Jayson’s first and second issues.

C. 
Constitutional Rights

          Jayson
argues in his third issue that the trial court violated his Fourth and Seventh
Amendment rights by rendering the protective order.  Specifically, Jayson
contends that he should have been permitted a jury trial and that the
protective order, which prohibits him from going within 200 yards of the
residence where he formerly resided with Serina, denies him the right to be
secure in his home.

          Concerning
Jayson’s alleged Seventh Amendment right to a jury trial, this court has twice held
that “a party to a trial on an application for a family violence protective
order is not entitled to a jury trial.”  Winsett v. Edgar, 22 S.W.3d
510, 512 (Tex. App.—Fort Worth 2000, pet. denied); Williams v. Williams,
19 S.W.3d 544, 545–46 (Tex. App.—Fort Worth 2000, pet. denied).  We therefore
overrule this portion of Jayson’s third issue.

          As
to Jayson’s contention that the protective order unconstitutionally interferes
with his right to be secure in his home, we note that family code section
85.022(b)(3) expressly allows a trial court to prohibit a person who has been
found to have committed family violence from going to or near the residence of
the person protected by the protective order.  Tex. Fam. Code Ann. §
85.022(b)(3) (West Supp. 2012).  We further note both that any review
concerning the alleged unconstitutional application of a statute begins with
the presumption that the statute is constitutional and that the party
challenging its application has the burden of showing its alleged
unconstitutionality.  Teel v. Shifflett, 309 S.W.3d 597, 601 (Tex.
App.—Houston [14th Dist.] 2010, pet. denied).  Jayson’s brief states only that
he “feels his right to be secure at the address he is not permitted to go to
violates his IV Amendment rights.”  This argument, even assuming it were
supported by evidence in the appellate record, is not sufficient to overcome Jayson’s
burden of showing the alleged unconstitutional application of family code
section 85.022(b)(3).  We therefore overrule the remainder of Jayson’s third
issue.

IV. 
Conclusion

Having
overruled each of Jayson’s three issues, we affirm the trial court’s judgment.

 

 

PER CURIAM

 

PANEL: 
GARDNER,
MCCOY, and MEIER, JJ.

 

DELIVERED:  December 21,
2012









[1]See Tex. R. App. P. 47.4.