

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

## No. 02-23-00073-CV
_____


VECENTIE MORALES, Appellant

V.

A. D. W., Appellee

On Appeal from the 233rd District Court
Tarrant County, Texas
Trial Court No. 233-719643-22

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Vecentie Morales, acting pro se, appeals from a lifetime protective order rendered against him pursuant to Chapter 7B of the Texas Code of Criminal Procedure. We will affirm.

## I. BACKGROUND

Pursuant to Chapter 7B of the Texas Code of Criminal Procedure, the Tarrant County Criminal District Attorney's Office filed an application on behalf of A.D.W.[1] for a lifetime protective order against Morales. *See* Tex. Code Crim. Proc. Ann. art. 7B.001(a)(1), (3). Morales, who is currently incarcerated, was served via the Texas Department of Criminal Justice law library for his assigned prison unit. The citation provided Morales notice that a hearing on the application would be held on April 12, 2023, but despite receiving this notice, Morales did not appear at the hearing.

At the April 12, 2023 hearing, the State introduced certified copies of (1) an indictment alleging that Morales had, among other things, sexually assaulted A.D.W.[2] in Tarrant County and (2) a judgment reflecting that Morales had been convicted of the sexual assault.

---

[1]To protect the identity of the victim in this case, we will refer to her by her initials. *Cf.* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.9.

[2]The indictment referred to the sexual-assault victim as "A.D.W." At the hearing, the trial court took judicial notice of the State's application, which confirmed that the applicant was the same A.D.W. referenced in the indictment.

At the conclusion of the hearing, the trial court granted A.D.W. a lifetime protective order against Morales as required by Article 7B.003(b) of the Texas Code of Criminal Procedure. Morales appeals from that order.

## II. DISCUSSION

Morales argues[3] that (1) his due process rights were violated because he was not present at the hearing on the application for protective order, (2) he was improperly denied his right to a jury trial, (3) the trial court lacked jurisdiction, (4) he was harmed by an unspecified form of corruption between the Tarrant County Criminal District Attorney's Office and other judicial system officials, (5) the State improperly brought the application on A.D.W.'s behalf without her consent, and (6) the protective order is null and void because Morales has not been finally convicted of family violence.[4] We will address these issues—all of which are meritless or forfeited—in turn below.[5]

---

[3]We granted Morales leave to file an amended brief to address a specific issue. But Morales's "amended" brief only addresses some—but not all—of the issues raised in his original brief. In the interests of justice, we have interpreted Morales's "amended" brief as a supplemental brief. *See Brumley v. McDuff*, 616 S.W.3d 826, 833 (Tex. 2021) (stressing that courts should acknowledge the substance of the relief sought despite the formal styling of the pleading); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) ("We look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it.").

[4]Only the first two of these issues are explicitly enumerated in the "Errors" section of Morales's brief. However, because we liberally construe briefs and because Morales raises the additional complaints set forth above in the other sections of his brief, we will address them in the interest of ensuring completeness. *See* Tex. R. App. P. 38.1(f) ("The statement of an issue or point will be treated as covering every subsidiary question that is fairly included."); *Perry v. Cohen*, 272 S.W.3d 585, 587–88 (Tex. 2008) ("[W]e liberally construe issues presented to obtain a just, fair, and

3

## A. Morales's Due Process Rights Were Not Violated

In his first issue, Morales argues that his due process rights were violated because he was not present at the April 12, 2023 hearing. Specifically, Morales contends that the trial court erred by "not allowing [him] to be at the court hearing" even though Morales "was in the Tarrant County Jail on the very day of the hearing." This argument is meritless.

---

equitable adjudication of the rights of the litigants."); *In re F.F.*, No. 10-12-00462-CV, 2013 WL 2639217, at *7 n.3 (Tex. App.—Waco June 6, 2013, no pet.) (mem. op.) (addressing issues as argued in "argument" section of brief rather than in "issues presented" when sections conflicted); *see also Carr v. Jaffe Aircraft Corp.*, 884 S.W.2d 797, 803 (Tex. App.—San Antonio 1994, no writ) (addressing issue in the interest of completeness).

[5]As the State points out, Morales's brief lacks record citations. Thus, he has arguably forfeited all of his appellate issues. *See* Tex. R. App. P. 38.1(i) (providing that an appellant's brief "must contain a clear and concise argument for the contentions made, *with appropriate citations to authorities and to the record*" (emphasis added)); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (observing that error may be waived by inadequate briefing); *see also Amir-Sharif v. Mason*, 243 S.W.3d 854, 856 (Tex. App.—Dallas 2008, no pet.) ("A *pro se* litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure." (first citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); and then citing *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied))). But despite Morales's inadequate briefing, we will address the merits of his appeal to the extent reasonably possible. *See Eco Planet, LLC v. ANT Trading*, No. 05-19-00239-CV, 2020 WL 6707561, at *5 (Tex. App.—Dallas Nov. 16, 2020, pet. denied) (mem. op.) (Osborne, J., concurring) ("Appellate courts have the discretion to waive issues for inadequate briefing." (first citing *Fredonia State Bank*, 881 S.W.2d at 284; and then citing *Horton v. Stovall*, 591 S.W.3d 567, 569–70 (Tex. 2019)); *cf. Perry*, 272 S.W.3d at 587 ("[A]ppellate courts should reach the merits of an appeal whenever reasonably possible.").

An inmate does not have an absolute right to appear in person at every court proceeding. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). Rather, if an inmate wishes to appear at a hearing in a civil proceeding, he must file a request for a bench warrant providing sufficient information to allow the trial court to balance the inmate's need to appear at the hearing against the need to protect the correctional system's integrity. *See id.* (setting forth factors courts should consider in deciding whether to grant a bench warrant). Thus, the burden is on the inmate to establish his right to relief, and if he fails to present sufficient information to the trial court, the trial court does not abuse its discretion by denying the request. *Ringer v. Kimball*, 274 S.W.3d 865, 868 (Tex. App.—Fort Worth 2008, no pet.) (citing *Z.L.T.*, 124 S.W.3d at 166).

Here, the record contains no evidence demonstrating that Morales requested a bench warrant or that he otherwise sought and was denied access to the trial court by motion, objection, or other complaint. Indeed, rather than seeking to appear at the April 12, 2023 hearing, Morales filed numerous procedural challenges to the application. Because Morales failed to request a bench warrant or to otherwise seek access to the court at the trial level, he has not preserved his complaint for our review. *See* Tex. R. App. P. 33.1(a); *Smith v. Tex. Bd. of Pardons & Paroles*, No. 02-02-00035-CV, 2003 WL 22724996, at *1 (Tex. App.—Fort Worth Nov. 20, 2003, no pet.) (mem. op.) (holding that appellant waived his complaint concerning his right of access to

court when he did not request a bench warrant or otherwise seek access to the court at the trial level).

Further, under Title 4 of the Texas Family Code, which applies to protective orders entered under Chapter 7B of the Texas Code of Criminal Procedure, *see* Tex. Code Crim. Proc. Ann. art. 7B.008, a trial court may enter a default protective order "that is binding on a respondent who does not attend a hearing if: (1) the respondent received service of the application and notice of hearing; and (2) proof of service was filed with the court before the hearing," Tex. Fam. Code Ann. § 85.006(a). The record reflects that Morales received service of the application and notice of the April 12, 2023 hearing and that proof of service was filed with the trial court prior to the hearing. Thus, the trial court was statutorily authorized to enter the protective order against Morales even though he did not attend the hearing. *See id.*; *Dix v. Foster*, No. 06-22-00040-CV, 2022 WL 7208630, at *2–3 (Tex. App.—Texarkana Oct. 13, 2022, no pet.) (mem. op.) (concluding that issuance of default protective order under Chapter 7B of the Texas Code of Criminal Procedure did not violate incarcerated appellant's due process rights because he had been properly served and had received adequate notice of the hearing).

Because Morales failed to preserve his complaint regarding access to the court and because the trial court had authority to enter the protective order in Morales's absence, we overrule Morales's first issue.

## B.  MORALES HAD NO RIGHT TO A JURY TRIAL

In his second issue, Morales argues that he was improperly deprived of his right to a jury trial.  However, Morales had no right to a jury trial at the protective-order hearing.  *See Williams v. Williams*, 19 S.W.3d 544, 546–48 (Tex. App.—Fort Worth 2000, pet. denied); *Winsett v. Edgar*, 22 S.W.3d 510, 512 (Tex. App.—Fort Worth 2000, pet. denied).  Accordingly, we overrule his second issue.

## C.  THE TRIAL COURT HAD JURISDICTION

Morales claims that neither he nor A.D.W. reside in Tarrant County and that, therefore, the trial court lacked personal jurisdiction.  This argument lacks merit.

The Texas Code of Criminal Procedure provides that an application for a Chapter 7B protective order may be filed in a district court in (A) the county in which the applicant resides, (B) the county in which the alleged offender resides, or (C) any county in which an element of the alleged offense occurred.  Tex. Code Crim. Proc. Ann. art. 7B.001(b)(1).  The State's application—of which the trial court took judicial notice—alleged that Morales resides in Tarrant County and that the offense occurred in Tarrant County.  Further, at the hearing on the application, the trial court admitted into evidence certified copies of an indictment alleging that Morales had sexually assaulted A.D.W. in Tarrant County and a judgment reflecting that Morales had been convicted of that offense.

To support his argument that the trial court lacked personal jurisdiction, Morales asserts—without citing any evidence in the record—that neither he nor

7

A.D.W. resides in Tarrant County. But Morales does not contest the fact that the sexual assault occurred in Tarrant County. *See id.* art. 7B.001(b)(1)(C). Because the record contains uncontested evidence showing that the sexual assault occurred in Tarrant County, Morales's naked assertion that both A.D.W. and he reside elsewhere—even if true—is not sufficient to show that the trial court lacked personal jurisdiction. *See id.* Therefore, we overrule Morales's jurisdictional complaint.

## D. MORALES'S CORRUPTION CLAIM IS UNSUPPORTED AND UNPRESERVED

Morales alleges that he was harmed by an unspecified form of corruption between the Tarrant County Criminal District Attorney's Office and other judicial system officials. However, Morales offers nothing more than vague allegations to support his corruption claim; he provides no detailed facts, citations to the record, or substantive argument. *See* Tex. R. App. P. 38.1(g)–(i). Thus, Morales has forfeited his complaint due to inadequate briefing. *See id.*; *Fredonia State Bank*, 881 S.W.2d at 284; *McKinnon v. Wallin*, No. 03-17-00592-CV, 2018 WL 3849399, at \*2–3 (Tex. App.—Austin Aug. 14, 2018, pet. denied) (mem. op.) (holding that pro se appellant had waived his issues by inadequate briefing). Moreover, even if Morales had adequately briefed the issue, because he did not properly raise his corruption claim in the trial court, he has failed to preserve it for appellate review. *See* Tex. R. App. P. 33.1; *Franklin v. City of Fort Worth*, No. 02-12-00456-CV, 2014 WL 3696092, at \*1 (Tex. App.—Fort Worth July 24, 2014, no pet.) (mem. op.) (addressing preservation).

## E. THE STATE HAD AUTHORITY TO FILE THE APPLICATION

Morales asserts that the State lacked authority to file the protective order application because it has "no signed paper" or "notarized affidavit" from A.D.W. asking for a protective order. However, no such written authorization is required. The Texas Code of Criminal Procedure expressly authorizes—and indeed, requires—the State to file an application for a protective order on behalf of a sexual assault victim promptly after the offender's conviction unless the victim requests that the application not be filed. Tex. Code Crim. Proc. Ann. art. 7B.001(a)(3), (a-1), (a-2). There is nothing in the record to suggest that A.D.W. instructed the State not to seek a protective order; thus, the State was statutorily authorized to file the application. *See id.* Accordingly, we overrule Morales's complaint.

## F. FAMILY VIOLENCE CONVICTION IS NOT REQUIRED

Morales asserts that the protective order is "null and void" because he "does not have a final conviction of family violence." However, a family violence conviction is not a prerequisite to the entry of a Chapter 7B protective order. *See id.* art. 7B.003. Rather, the statute (1) requires a trial court to issue a protective order if it finds that "there are reasonable grounds to believe that the applicant is the victim of sexual assault or abuse, stalking, or trafficking" and (2) provides that an offender's conviction for sexual assault constitutes "reasonable grounds." *Id.* art. 7B.003(b)–(c). Thus, having found that Morales had been convicted of sexually assaulting A.D.W., the trial court was statutorily required to issue the protective order. *See id.*

9

Accordingly, we overrule Morales's complaint that the protective order is null and void because he has not been convicted of family violence.

## III. CONCLUSION

Having overruled all of Morales's issues, we affirm the protective order.

/s/ Brian Walker

Brian Walker
Justice

Delivered: February 8, 2024